Michael SCHIMMER and Theresa L.
Schimmer, Plaintiffs–Appellants,

v.

H. W. FREEMAN CONSTRUCTION CO.,
INC., H.W.F. Realty, Inc., Harry Free-
man and Murray A. Smith, Defendants–
Respondents.

No. 42477.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 30, 1980.

Joel Case, Manchester, for plaintiffs–appellants.

Steven A. Cox, Gregory Luzecky, Fenton, for defendants–respondents.

DOWD, Presiding Judge.

This is an appeal from the Circuit Court of St. Louis County in which the third, fourth and fifth counts of plaintiffs' second amended petition were dismissed with prejudice. Rule 67.03; *Koller v. Ranger Ins. Co.*, 569 S.W.2d 372 (Mo.App.1978).

Plaintiffs allege that they entered into a written contract with defendant, Murray Smith, a salesman for H.W.F. Realty, Inc., to purchase a home to be built by defendant H. W. Freeman Construction Co., Inc. They received an oral promise from Smith that the new home would be completed no later than the middle of August, 1977, although Smith placed a closing date of April 15, 1978 in the Sales Contract. This contract was signed on April 9, 1977. The contract included a clause that the sale of the new home was contingent upon Smith selling the plaintiffs' old home by August 2, 1977. The plaintiffs' home was sold on that date but as the new home was not yet completed, plaintiffs moved into an apartment. The closing date on the new home was September 1, 1978, with the plaintiffs apparently moving into the house on September 22, 1978.

Plaintiffs filed a petition in the Circuit Court of St. Louis County on September 6, 1978. The petition was amended shortly thereafter to include additional paragraphs in Count II. On August 13, 1979, defendants filed a motion to strike the amended pleading. On September 7, 1979, the court issued an order calling for plaintiffs' third and fourth counts to be made more definite and certain. Plaintiffs filed their second amended petition on September 14, 1979. Defendants filed a motion to strike these pleadings. The court treated this motion as a motion to dismiss and dismissed the third, fourth and fifth counts with prejudice for failure to state a claim upon which relief may be granted. The court's dismissal was deemed final for purposes of appeal and plaintiffs filed this appeal assigning three points of trial court error.

Plaintiffs' first point on appeal is that the trial court erred in dismissing Count III of plaintiffs' second amended petition in that it stated a cause of action under Chapter 407, RSMo 1979. Count III alleges that defendants' promises to have their home completed by August 15, 1977, to charge only the actual additional cost of the removal of excess rock in excavating the foundation and to close the Sales Contract under the normal and customary closing practices of the St. Louis County Real Estate Board were all deceptive and fraudulent constituting unlawful practices under the Missouri Merchandising Practices Act, Chapter 407, RSMo 1979.

Chapter 407 enacted in 1967 granted the Attorney General the power to investigate unfair and deceptive merchandising practices. Section 407.020 contains several specific classes of persons who are exempt under the statute. In 1973 Section 407.025 was added to the statute. This section created a private cause of action for any person who purchases or leases goods or serv-

ices primarily for personal, family or household purposes.

■ In reviewing dismissal of petitions for failure to state a claim, we give the petitioner every reasonable intendment in view of the facts alleged and if the pleader's allegations invoke principles of substantive law which would entitle him to relief, the petition is not to be dismissed. *Watson v. Franklin Finance*, 540 S.W.2d 186, 188 (Mo.App.1976).

In the present case, plaintiffs contend that Section 407.025 applies to the purchase of real estate because of the broad definition of "merchandise" in the Act. "Merchandise" is defined as "any objects, wares, goods, commodities, intangibles, real estate or services." Section 407.010(4). The private cause of action created in Section 407.-025, however, specifically and unambiguously grants this right to "purchasers or lessors of goods or services."

■ The basic rule of statutory construction is to seek the intention of the legislators and, if possible, to effectuate that intention. *Willis v. American National Life Insurance Co.*, 287 S.W.2d 98, 104 (Mo. App.1956). The legislature is presumed to have intended exactly what it states, and if the language used in the statute is plain and unambiguous, then there is no reason for any construction. *United Air Lines, Inc. v. State Tax Commission*, 377 S.W.2d 444, 448 (Mo.banc 1964).

■ The language of Section 407.025 is plain and unambiguous. We agree, therefore, with the trial court that this cause of action does not apply to purchases of real estate and Count III of plaintiffs' second amended petition was properly dismissed.

Plaintiffs' second and third points on appeal concern the dismissal by the trial court of Counts IV and V of plaintiffs' second amended petition. Count IV alleges actual fraud on the part of defendant, Murray Smith in the knowingly false misrepresentation of the completion date of the home. This alleged misrepresentation consisted of an oral promise on the part of Smith that the new home would be completed no later

than the middle of August 1977. This date was not included in the written Sales Agreement. Count V alleges constructive fraud on the part of the defendants in that plaintiffs relied on Smith's statements as an agent of H.W.F. Realty, Inc. selling homes constructed by H. W. Freeman Construction Co., Inc., and relied on his duty to act in their best interests as a seller of their home. In dismissing Counts IV and V on December 7, 1979, for failure to state a claim, the trial court ruled as the basis for its order that "fraud will not lie for failure to perform a promise of future action."

■ We first consider Count IV alleging actual fraud. The elements of actionable common law fraud are as follows:

"(1) A representation

(2) Its falsity

(3) Its materiality

(4) The speaker's knowledge of its falsity or ignorance of its truth

(5) His intent that it should be acted on by the person and in the manner reasonably contemplated

(6) The hearer's ignorance of its falsity

(7) His reliance on its truth

(8) His right to rely thereon

(9) And his consequent and proximate injury."

*O'Shaughnessy v. Ward Aircraft Sales and Service*, 552 S.W.2d 730, 733 (Mo.App. 1977).

Civil Rule 55.15 requires that all averments of fraud state the circumstances constituting the fraud with particularity. It permits necessary conditions of mind, such as intent, to be averred generally.

Respondents contend that actual fraud must be predicated on a misrepresentation of a present or pre–existing fact and cannot be predicated upon a mere promise of future action even though accompanied by a present intention not to perform. This was the holding of such cases as *Reed v. Cooke*, 331 Mo. 507, 55 S.W.2d 275, 278 (banc 1932) and *Riss and Co. v. Wallace*, 239 Mo.App. 979, 195 S.W.2d 881, 886 (1946). The application of *Reed* and *Riss*, however, has been

narrowed by later cases such as *Dillard v. Earnhart*, 457 S.W.2d 666 (Mo.1970) and *Musser v. General Realty Co.*, 313 S.W.2d 5, 10 (Mo.1958). These latter cases hold that state of mind, or intent, is itself an "existing fact," the misrepresentation of which can constitute fraud. Recognizing this trend, the Missouri Supreme Court held that to the extent that *Reed* and *Riss* hold that actual fraud cannot be predicated on unfulfilled promises or statements as to future events, they are no longer to be followed. *White v. Mulvania*, 575 S.W.2d 184, 188 (Mo.banc 1979).

In the present case, plaintiffs have stated with particularity the circumstances constituting the alleged promise by Smith. They have also asserted that Murray Smith's promise that the new home would be completed by August, 1977, was recklessly made in that no completion date could be ascertained until after the streets serving said subdivision were completed and at the time he made the promise, he knew that the streets were not completed. Rule 55.05 has been interpreted liberally to give a pleading "the benefit of all inferences fairly deducible from the facts stated" for the purpose of permitting a petition to survive a motion to dismiss. *Hall v. Smith*, 355 S.W.2d 52, 55 (Mo.1962). On the pleading before us, we find, by inference, that plaintiffs averred generally that Smith did not intend to keep his promise when he made it and thus misrepresented his state of mind at the time he made the promise relied on by plaintiffs. Count IV, therefore, of plaintiffs' second amended petition was improperly dismissed.

Plaintiffs pleaded constructive fraud in Count V in their second amended petition, alleging that:

"17. That defendant Realtor was an agent for plaintiffs in the sale of the home in which plaintiffs were residing and was also an agent for the builder in the sale of the home to be built and stood to profit from its dealing with both principals.

"18. That defendants occupied a special position of superior knowledge as to building schedules and plaintiffs were en-titled to rely upon said superior knowledge and trust defendants as to the stated completion date.

"19. That Realtor occupied a fiduciary relationship to its principal (plaintiffs) in the sale of plaintiffs' home and thus owed them a duty to act with utmost good faith in disclosing all material facts affecting the advisability of selling their home in August of 1977."

The breach of a confidential relationship results in constructive fraud. *Mahler v. Tieman*, 550 S.W.2d 623, 628 (Mo. App.1976). Although a confidential relationship cannot be precisely defined, it is generally synonymous with a fiduciary relationship. Equity does not limit the circumstances wherein a fiduciary relationship may exist but will look for those instances where a special confidence is reposed on one side with a resulting influence on the other. "The question is always whether or not trust is reposed with respect to property or business affairs of the other." *Mahler, supra* at 628. A confidential relationship is not proven merely by a showing of blood ties or family connections. *Id.*

In the present case, plaintiffs have alleged sufficient facts in Count V to withstand a motion to dismiss. If a fiduciary or confidential relationship exists between the parties, proof of actual fraud is unnecessary. *White, supra* at 189. It is well established that the breach of a promise made during such a relationship will be considered constructively fraudulent because of the special reliance present. Of course, plaintiffs would be required to prove at trial both the alleged breach of promise and the existence of the asserted confidential relationship. *Id.*

Reversed and remanded for a trial on the merits of Counts IV and V of plaintiffs' second amended petition.

CRIST and REINHARD, JJ., concur.