**STATE of Missouri ex rel. Jon E. DeGRAFFENREID, Plaintiff,**

**v.**

**The Honorable James H. KEET, Jr., Judge of the Circuit Court of Greene County, Missouri, Defendant.**

No. 12107.

Missouri Court of Appeals,
Southern District,
Division One.

July 1, 1981.

Motion for Rehearing or to Transfer to Supreme Court Denied July 20, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Rodney E. Loomer, Turner, Reid, Duncan & Loomer, Springfield, for plaintiff.

B. H. Clampett, Richard Paul Wacker, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, for defendant.

Thomas Strong, John Wooddell, Strong & Placzek, P. C., Springfield, amicus curiae for Schneider et ux.

TITUS, Judge.

The parents of a young man who died as the result of injuries sustained in a two-vehicle accident, filed suit in the Circuit Court of Greene County to recover damages allegedly sustained by them because of the death of their son. Defendants in the action are Wilcox Truck Line Incorporated (Wilcox) and Jon E. DeGraffenreid (DeGraffenreid). Deceased was one of two passengers in an automobile being operated by DeGraffenreid when it collided with the rear of Wilcox's parked truck. Both defendants answered and denied the averments of negligence made against them. Wilcox additionally raised the defense of contributory negligence in that the deceased was negligent in riding with an intoxicated driver. The defendants further cross-claimed for indemnity and/or contribution, seeking an apportionment of liability. Thereafter, Wilcox moved the trial court for an order requiring DeGraffenreid to execute "Medical and/or Hospital Authorization" and "City of Springfield Police Department Authorization" forms. (See Appendix hereto for the text of the forms). When the trial judge indicated his intention of sustaining the motion and requiring execution of the forms, DeGraffenreid petitioned this court to prohibit the circuit judge from sustaining the motion and ordering execution of the forms. Our preliminary rule or order in prohibition issued. The cause has been briefed and argued. We now determine whether our preliminary rule or order, in whole or in part, should be

made absolute or permanent, or whether it should be quashed for having been improvidently issued.

Before the involved accident, DeGraffenreid, the deceased and another young man, all college students, acquired two six-packs of 16-ounce cans of beer which the trio, in part, consumed during the four hours which ensued prior to the casualty. After the collision, a policeman retrieved at least two of the cans of beer from DeGraffenreid's wrecked automobile, one of which was a quarter full. DeGraffenreid was personally injured in the accident but has made no claim for damages therefor in the lawsuit pending in the circuit court. Following the wreck, DeGraffenreid was transported by ambulance to a hospital and treated for his injuries. While in the hospital and shortly after the casualty, DeGraffenreid signed a permit form at the request of a policeman which allowed hospital personnel to draw a blood sample for blood alcohol testing. The sample was later taken to the Springfield Police Department where it was "tagged and placed in the refrigerator in the Lab." Where the blood was tested, if so, is not disclosed in any material furnished this court. Apparently DeGraffenreid was released from the hospital shortly after receiving first aid treatment.

DeGraffenreid was not arrested and was not given a summons or traffic ticket at the scene of the accident or while he was at the hospital. About "a week or five days" after the collision, according to DeGraffenreid's deposition testimony and his petition for writ of prohibition, he was served at his residence by a policeman with a "summons" to appear in the Springfield municipal court to respond to a charge of careless and imprudent driving in connection with the accident. We have not been furnished with a copy of the served "summons" and can only assume it was in the form suggested by Form 37.1164 appearing in the Missouri Rules of Court, V.A.M.R., or in a form similar thereto. The charge was subsequently dismissed. In an affidavit to that effect made by the city attorney of Springfield, he concluded "that all the official records pertaining to the case have now been closed pursuant to Section 610.105, RSMo.'

After the policeman delivered the "summons," he offered to and did drive DeGraffenreid to the university where he was attending classes. In response to a deposition question as to whether the policeman during this encounter told him anything concerning the blood alcohol test, DeGraffenreid stated: "I think, I'm not sure, but I think he is the one that said they ran it 8 times or something, and that some of it was below the legal level, and some of it was above, and after they averaged them it came out, it was right on .01 or .1, whichever it is."

## I.

In his first point relied on, DeGraffenreid asseverates the trial judge erred by indicating that, unless prohibited from doing so, he would sustain Wilcox's motion for an order requiring DeGraffenreid to execute the "City of Springfield Police Department Authorization" form [see Appendix] because, in so doing, the judge would exceed his jurisdiction in that the records pertaining to the city case, pursuant to § 610.105, RSMo 1978, are "closed records to all persons except" DeGraffenreid.

The statute referred to in the first point relied on, i. e., § 610.105, states: "If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records to all persons except the person arrested or charged."

We do not attempt a critique of the arguments of counsel concerning their particular interpretations and sometimes strained analyses of § 610.105. Much of the arguments undertake a fallacious construction of the statute and present overtaxed and unwarranted references to unrelated laws. Missouri's so-called "Sunshine Law" appears in Ch. 610, RSMo 1978. Although it consists of nine principal sections, § 610.010 itself divides the sections into two groups,

namely, "sections 610.010 to 610.030 and 610.100 to 610.115." To emphasize the statutory division of the nine sections, the Committee on Legislative Research, as provided in § 3.050, RSMo 1978, has labeled §§ 610.-100 to 610.115 "Arrest Records" so as "to enable subjects of a kindred nature to be placed under one general head." A cursory examination of the sections appearing under "Arrest Records" attests their relationship to the other sections in Ch. 610 is somewhat remote, thereby rendering a cross-reference between the two groups contained in the chapter of little or no assistance.

█ In ascertaining the meaning of a statute, courts must look to the express language of the law irrespective of what may have been intended. The rational meaning of the express language of an act must be given effect. Courts have no right to read into a statute an intent contrary to the words and phraseology employed. *Missourians for Honest Elections v. Missouri Elections Commission*, 536 S.W.2d 766, 775[13, 14] (Mo.App.1976). An unambiguous statute should be taken to mean what it says, for the General Assembly is presumed to have intended what the law states directly [*State ex rel. Collins v. Donelson*, 557 S.W.2d 707, 710[2] (Mo.App.1977)] and courts have no leave to impose another meaning. *DePoortere v. Commercial Credit Corporation*, 500 S.W.2d 724, 727[1] (Mo. App.1973).

█ It is noted that § 610.105 (see also § 610.100) is limited in application to a "person arrested [who] is charged." For some unknown reason the section concludes with "the person arrested or charged." Nevertheless, it is patent that the statute, as well as § 610.100, is only concerned with and applicable to "Arrest Records" and persons who, in fact, have been arrested. As often said, the word "or" should be interpreted to mean "and" to carry out the plain unambiguous purpose and intent of a law and whenever adoption of the literal meaning of "or" would defeat the purpose of the act or lead to an absurd result. *Hurley v. Eidson*, 258 S.W.2d 607, 608[1] (Mo. banc 1953); *Hawkins v. Hawkins*, 511 S.W.2d 811, 812–813[1, 2] (Mo.1974). To recognize "or" at the conclusion of § 610.105 as a co-ordinating conjunction introducing an alternative, would serve as an unauthorized expanded application of the law to persons clearly not intended, would defeat the express limitation of the act and lead to an unintended result. In our view, § 610.105 applies only to persons arrested—it is only as to persons arrested that there may be "Arrest Records."

█ "Arrest" is defined by § 544.180, RSMo 1978: "An arrest is made by the actual restraint of the person of the defendant, or by his submission to the custody of the officer, under authority of a warrant or otherwise...." For similar definitions of "arrest" see, 5 Am.Jur.2d, Arrest, § 1, pp. 695–696; 6A C.J.S. Arrest § 2, pp. 7–8. The clear distinction between an "arrest" and a "summons" is amply illustrated by Missouri Supreme Court Rules 21.03 (state misdemeanor cases) and 37.09 (municipal court traffic cases). A "summons" is more or less a notice or an invitation to a defendant to come to court at a certain time in answer to a certain charge so that he may not be subjected to the inconvenience and embarrassment of an arrest. *Mormon v. Baran*, Sup., 35 N.Y.S.2d 906, 909 (1942). Also, 83 C.J.S. Summons p. 795; 22 C.J.S. Criminal Law § 316, at p. 814; 1 Alexander, The Law of Arrest, § 28 g., pp. 257–262 (1949).

█ The service or delivery of a "summons" to DeGraffenreid by the police officer "a week or five days" after the casualty did not constitute an "arrest." At most, the summons served merely as a direction for DeGraffenreid to appear in the Springfield municipal court on the date specified relative to his alleged violation of a city ordinance pertaining to careless and imprudent driving. Arguments by analogy or otherwise that official records pertaining to persons "summoned" should be afforded the same status specified only as to "Arrest Records" should be directed to the legislative branch of the government. Cf. *Sckorhod v. Stafford*, 550 S.W.2d 799, 803[5]

(Mo.App.1977). As indicated by the above expressions concerning the facts peculiar to this case, we rule that the trial judge by his intended order to provide Wilcox with access to the records and reports of the Springfield Police Department, was not exceeding his jurisdiction because of the reasons advanced by DeGraffenreid in this court. This ruling and holding, or course, should in no way be considered or construed as an expression by this court concerning the admissibility vel non of such records and reports in the trial of the damage suit in the circuit court. That is a question to be decided in the first instance only by the trial judge. We conclude, therefore, that our preliminary rule in prohibition as it relates exclusively to the Springfield Police Department records concerning and limited to the accident involved in the underlying case in question was improvidently issued and that part of our preliminary rule is hereby ordered quashed.

## II.

■ In his second and final point relied on DeGraffenreid says that the trial judge erred by indicating, unless prohibited from so doing, his intention to sustain Wilcox's motion for an order requiring DeGraffenreid to execute an authorization "To Whom It May Concern" [see Appendix] which would permit counsel for Wilcox "to examine, make or be furnished with copies of any records or information, x-rays, and x-ray reports in connection with any illness or injury requiring confinement and/or treatment by you" because, in so doing, the judge would exceed his jurisdiction in that DeGraffenreid's medical condition was not an issue in the lawsuit and his medical records were privileged.

To be initially noted is that the proposed authorization is neither directed nor limited to any particular institution, hospital, physician, technician or person. Rather it is addressed world-wide "To Whom It May Concern." Also as written, the authorization would give Wilcox's counsel carte blanche access to any and all records, information, x-rays and x-ray reports regarding any illness or injury suffered or sustained by DeGraffenreid at any time or place he may have been hospitalized or received treatment from whomsoever. In the brief herein filed on behalf of the trial judge, it is admitted that any illness or injury suffered or sustained by DeGraffenreid before, after or at the time of the casualty which is the subject of the underlying wrongful death action is not in issue in that case. Rather, counsel argues that DeGraffenreid's physical condition "prior to the vehicular accident . . . as affected by alcohol consumed" is something to which Wilcox should have access for discovery purposes. This being so, we cannot comprehend how Wilcox's being afforded access to medical or hospital records, et cetera, pertaining to illnesses or injuries suffered or sustained by DeGraffenreid at any time or place, including the accident in question, can have any legitimate relationship to ascertaining his physical condition immediately before the collision as it may have been affected by consumption of alcohol.

■ Wilcox has not undertaken to demonstrate that personnel at the hospital where the blood sample was drawn made any test thereof or, if so, that the hospital has any record of such testing. The only evidence at this time is that after the sample was drawn it was delivered to the Springfield Police Department where it was "tagged and placed in the refrigerator in the Lab." But even assuming, which we do not, someone at the hospital tested the blood and made a record thereof and that the hospital record of the results of the testing is a proper subject of discovery, orders in a discovery proceeding requiring a party to produce or permit inspection and copying of documents and records may not be so broad as to include matters both within and without the proper scope of discovery. *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 762[14] (Mo.App.1960). The proposed authorization was predicated upon a motion which contained no mention of any hospital record at any particular institution regarding blood alcohol testing performed on DeGraffenreid immediately sub-

sequent to the casualty in question. What the trial court proposed to require DeGraffenreid to sign was, to say the least, overly broad and included discovery of irrelevant and inadmissible matters not the proper subject of discovery under the circumstances existing in the damage suit.

Section 491.060 RSMo 1978 provides that "[t]he following persons shall be incompetent to testify: . . . (5) A physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, and which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as a surgeon." There is no question that hospital records are included in the physician-patient privilege provided by this statute. *State ex rel. Benoit v. Randall*, 431 S.W.2d 107, 109[1] (Mo. banc 1968); *Klinge v. Lutheran Medical Center of St. Louis*, 518 S.W.2d 157, 165[5] (Mo.App.1974).

In *State ex rel. McNutt v. Keet*, 432 S.W.2d 597, 601[2], 602[4] (Mo. banc 1968) it was held "that once the matter of plaintiff's physical condition is in issue under the pleadings, plaintiff will be considered to have waived the privilege under § 491.-060(5) so far as information from doctors or medical and hospital records bearing on that issue is concerned," and, if necessary, the trial court may order plaintiff to execute the necessary authority to make said records available to the defendant. The waiver concerned in *McNutt*, supra, pertains only to situations where a party himself (either by petition, counterclaim or otherwise) puts his own physical condition in issue by suing for personal injury damages. Also, in order for it to be held that a party has waived the confidential privilege in question, his waiver must be voluntary which is not the case, as suggested by the trial judge's counsel, when it is extorted under cross-examination by opposing counsel either at a deposition or at a trial. *State ex rel. Williams v. Vardeman*, 422 S.W.2d 400, 408[18] (Mo.App.1967). It has not been demonstrated to us that DeGraffenreid waived his statutory privilege in any acceptable manner. Therefore, we hold that the trial judge, by indicating an intention to order DeGraffenreid to execute the particular "To Whom It May Concern" authorization in this case giving the attorneys for Wilcox carte blanche access to any and all hospital and medical records and information specified in said authorization, threatens to exceed his authority and jurisdiction.

As indicated by section II of this opinion, our preliminary rule in prohibition is made permanent as to the "To Whom It May Concern" authorization. In all other respects, as indicated by section I of this opinion, our preliminary rule is quashed.

GREENE, P. J., and FLANIGAN, J., concur.

## APPENDIX
"MEDICAL AND/OR HOSPITAL AUTHORIZATION

TO WHOM IT MAY CONCERN:

Patient        Jon E. DeGraffenreid

I hereby give my permission, and this is your authority to permit DANIEL, CLAMPETT, RITTERSHOUSE, DALTON & POWELL, or their designated representative, to examine, make or be furnished with copies of any records or information, x-rays, and x-ray reports in connection with any illness or injury requiring confinement and/or treatment by you.

I agree that a photostatic copy of this Authorization shall be considered as effective and valid as the original.

_____
Jon E. DeGraffenreid

Address: _____

_____

Dated:

_____",

------------------------------------------------------------

"CITY OF SPRINGFIELD POLICE DEPARTMENT AUTHORIZATION

TO SPRINGFIELD POLICE DEPARTMENT PERSONNEL:

Re:  Jon E. Degraffenreid; investigation records with respect to automobile accident occurring on February 25, 1979, under Accident Report No. 9644, including any laboratory reports

I hereby give my permission and this is your authority to permit Daniel, Clampett, Rittershouse, Dalton & Powell, attorneys, 430 South Avenue, Springfield, Missouri, or their designated representative, to examine, make or be furnished with copies of any records, laboratory reports, or other information or records in connection with the investigation by the Springfield Police Department of the vehicular accident that occurred on or about February 25, 1979, as set forth in Accident Report No. 9644.

I agree that a photostatic copy of this Authorization shall be considered as effective and valid as the original.

_____
Jon E. DeGraffenreid

Address: _____

_____

Dated:

_____",