Michael SCHIMMER and Theresa L. Schimmer, Plaintiffs-Appellants,

v.

H.W. FREEMAN CONSTRUCTION CO., INC., H.W.F. Realty, Inc., d/b/a Harry W. Freeman Realty Co., Harry Freeman and Murray Smith, Defendants-Respondents.

Nos. 44955, 44986.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 30, 1982.

Joel Case, Manchester, for plaintiffs-appellants.

Steven A. Cox, Fenton, for defendants-respondents.

SMITH, Judge.

Plaintiffs' appeal from that portion of a judgment in a court-tried case denying them damages for fraud or for constructive fraud. Defendants appeal from that portion of the judgment granting plaintiffs specific performance of a real estate contract and awarding plaintiffs $1500 damages for sums charged against plaintiffs for rock excavation in the construction of the home. This matter was before us previously on the pleadings. *See Schimmer v. H.W. Freeman Constr. Co.,* 607 S.W.2d 767 (Mo. App.1980).

Because our review is dictated by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) we review the facts in the light most favorable to the result reached by the trial court. In April 1977, plaintiffs entered into a contract for the purchase of a new home to be built and sold to them by H.W. Freeman Construction Co. That contract provided for a closing date of April 15, 1978 or earlier at the option of the seller. It was also contingent upon the closing of sale of plaintiffs' present home by August 2, 1977. Although the contract provided for the April 1978 closing on the new home, Murray Smith the agent for the seller advised plaintiffs that the house would be completed in August 1977 and closing could occur at that time. Sometime in May, 1977, plaintiffs were advised by seller that because of topography the lot they had selected would not accommodate the two story house they had chosen and they were requested to select a new lot. By that time they had executed a sale contract for their present home calling for an August 2, 1977, closing. The original lot they had selected was in an area in the process of development. The substitute lot was a quarter mile away in an area in which the only development was the placement of marking flags. Smith testified that he did not advise plaintiffs that the August completion date could be met for the new lot, that he would not have told them such, and that the physical condition of the ground and the absence of development in the area clearly demonstrated the impossibility of such completion. Plaintiffs testified that such a representation was made. The trial court was entitled to believe the defendants' evidence. Plaintiffs' home was not completed until August of 1978. The court could also have found that although no new contract for the second lot was executed, the original contract was amended by agreement to encompass the new lot and both parties proceeded on the basis of the contract as amended.

■ Plaintiffs do not identify with precision whether the completion representation they rely upon as false is the one admittedly made upon execution of the original con-

tract or the one allegedly made at the time of amendment. The trial court could have found that the original representation was not knowingly false nor recklessly made. The development in the area of the first lot had reached a point where such a completion date was possible and the evidence is sufficient to present a factual issue of Smith's knowledge of falsity or ignorance of the truth. It was also not established that the representation as to the first lot was false. Upon amendment of the contract the seller/builder was no longer attempting to complete plaintiffs' house on the original lot. Whether it could have met the August date had plaintiffs' contract for that lot still been in effect is unresolved by the evidence.

If plaintiffs are relying upon a completion representation made at the time the contract was amended, we need only say that the trial court could have found no such representation was made. We need not, in view of the foregoing, deal with other contentions of defendants supporting the trial court's ruling on the fraud count.

■ Plaintiffs' count on constructive fraud is premised on a theory that Smith was in a fiduciary or confidential relationship with plaintiffs because he was serving as their agent for the sale of their present home and that he therefore owed them an obligation of disclosure. We need not address the merits of this contention nor the extension of that contention that Smith's employment by H.W. Freeman Realty Company, the sales agent for the construction company, in turn placed those defendants into a similar fiduciary position. As we have heretofore detailed, the evidence does not establish any breach of fiduciary obligation at the time of the original contract. By the time of the amended contract, the sale contract for plaintiffs' present home with its August closing date had already been executed and was fully binding on plaintiffs. There is no evidence that any

disclosures concerning completion date under the amended contract would or could have affected that contract or the "advisability of [plaintiffs] selling their home in August of 1977." We find no error in the trial court's ruling on the constructive fraud count.

■ We turn to defendant's appeal.[1] The construction company attacks the trial court's order for specific performance on the basis that plaintiffs had repudiated the contract, anticipatorily, prior to completion of the house and therefore no contract existed to specifically enforce. This contention is in turn based upon correspondence between the attorneys for the parties. Defendant has not filed those exhibits with the court so we can assess them only on the basis of those portions which were read during the trial. The letters from plaintiffs' attorney consisted of certain demands and threats of legal action based upon delay in completion and sought a waiver of a rock excavation charge demanded by the construction company. The attorney for defendant replied by imposing upon plaintiffs an additional condition of completion and closing, the signing of a release by plaintiffs relieving defendant and others of any liability arising from the purchase of the property other than for breach of the "Homeowner warranty." Plaintiffs replied to this demand by requesting full performance by defendant, declining to execute the release and agreeing to pay the $4,000 rock excavation charge with resolution of the correctness of the amount to be subsequently made.

Shortly after defendant completed the house, plaintiffs attempted to close by tendering the balance of the purchase price due and the full rock excavation charge ($4,000) demanded by defendant. They refused however to sign the release demanded by defendant and defendant refused to convey. After suit was filed, the court issued an order for injunctive relief which re-

1. The appeal was taken by all defendants. The relief granted plaintiffs, however, was performable by the Construction Company (Specific performance) or was specifically limited to that company (the money award). We therefore refer to the Construction Company as defendant in this portion of the opinion.

quired a closing of the contract of sale. This was done. That order was interlocutory and the trial court reaffirmed that order of specific performance in its final order.

We are unable to find a repudiation by plaintiffs. At the time of their attorney's letter to defendant's attorney the defendant was already in default under the completion date specified in the contract as amended. Plaintiffs' demands for performance, attempt to secure a reduction or waiver of the rock excavation charge and threats of legal action because of defendant's breach are not clear evidence of a repudiation of the contract. *Ewing v. Miller*, 335 S.W.2d 154 (Mo.1960) [3–6]. Plaintiffs repeatedly indicated their desire that defendant complete the contract as promptly as possible. Defendant's attempt to add a condition, the release, to its duty to perform was unjustified and plaintiffs' refusal to meet that condition does not make their otherwise complete tender inadequate. *Lazare v. Hoffman*, 444 S.W.2d 446 (Mo.1969) [8–10]. We find no error in the trial court's order of specific performance.

■ Defendant's other point is that the trial court erred in awarding plaintiffs $1,500 as an overpayment by them for rock excavation charges. The contract provided for purchasers to pay for whatever "extra cost is incurred" in excavating the foundation because of rock. The purchasers alternatively could void the contract. The trial court found that the construction company charged "a sum in excess of the amount allowed by the contract for rock excavation." The evidence supports this finding.

The charges made by the defendant are set forth in the margin.[2] The first three items appear from the evidence to have been incurred as extra expense because of the rock found and the total of these three items less the cost shown by the evidence of digging the foundation in the absence of rock is very close to the amount determined by the court to have been the proper charge for rock removal. The remaining five items either are not "extra *cost* incurred" on their face or are not demonstrated by the evidence to be "extra cost." Plaintiffs contend that the evidence established either no extra cost or less cost than the court found. That conclusion is based upon their evidence which was controverted. We find no error in the award made by the court.

Judgment affirmed.

DOWD, P.J., and GAERTNER, J., concur.

---

2. "Equipment and Labor used for Excavation of rock on foundation of lot 115 Summit Meadows

| | |
|---|---|
| 1 – 977 cat with operator @ $60.00 per hr. – 15 hrs | $900.00 |
| 1 – D8 cat with operator @ $100.00 per hr. – 15 hrs | $1,500.00 |
| 1 – 955 HiLift with operator @ $45.00 per hr. – 6 hrs | $270.00 |
| 1 – Dump Truck with Driver @ $25.00 per hr. – 6 hrs | $150.00 |
| Estimate for additional rock costs, sewer and water lines | $250.00 |
| Equipment moving cost | $160.00 |
| Overhead H.W. Freeman Construction Co., Inc. | $483.00 |
| Profit H.W. Freeman Construction Co., Inc. | $370.00 |
| Total | $4,083.00" |