Dear Representative Scoville:
This opinion is in response to your request for an opinion as follows:
 1. Does the language of Section 4.1 of C.C.S.H.C.S.S.C.S.S.B. Nos. 318 and 135, 1st Reg. Sess., 82nd G.A. (page 12, lines 1-12 of the Conference Committee Substitute), mean that the submission of the verified report is only required for violations of sections 577.010 and 577.012?
 2. Does the section mentioned above preclude submission of verified reports for county and municipal violations for driving while intoxicated or driving with excessive blood alcohol content?
 3. Does Section 3.2 of the above-mentioned act (page 11, lines 9-15) require the Department of Revenue to consider only the reports mentioned in questions 2 and 3 above?
 4. Does Section 577.023.13 of this act (page 8, lines 84-87) preclude a county or municipality from enhancing a driving while intoxicated conviction if the previous conviction was for driving while intoxicated?
The principle task of statutory construction is to seek the intent of the legislature. Breeze v. Goldberg, 595 S.W.2d 381
(Mo.App. 1980); Schimmer v. H. W. Freeman Const. Co., Inc.,607 S.W.2d 767 (Mo.App. 1980). In so doing, we are given direction by the canons of construction adopted by the courts of this state: Legislative intent must be ascertained by examining the plain language of the statute viewed as a whole. Staley v. Missouri Director of Revenue, 623 S.W.2d 246 (Mo. banc 1981). Irrespective of what the legislature may have intended, we must look to the express language of the law to determine its meaning. State ex rel. DeGraffenreid v. Keet, 619 S.W.2d 873 (Mo.App. 1981); Schimmer, supra; Biermann v. Biermann, 584 S.W.2d 106 (Mo.App. 1979). When the words of a statute are ambiguous, it is proper to consider the history of the legislation, an inquiry which may require an examination of the original bill as filed. State ex rel. Zoological Park Subdistrict of the City and County of St. Louis v. Jordan, 521 S.W.2d 369 (Mo. 1975); State ex rel. Danforth v. European Health Spa, Inc., 611 S.W.2d 259 (Mo.App. 1980). But, when the language of a statute is unambiguous, there is no room for construction since the legislature will be presumed to have said exactly what it intended. DePoortere v. Commercial Credit Corp., 500 S.W.2d 724 (Mo.App. 1973); State ex rel. DeGraffenreid v. Keet, supra. It is with these guideposts before us that we render this opinion.
As finally passed C.C.S.H.C.S.S.C.S.S.B. Nos. 318 and 135 (82nd General Assembly, 1st Regular Session) (hereafter S.B. 318), instructs the Department of Revenue to:
 [S]uspend the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen hundredths of one percent . . . . Id. Section 3.1
The Department of Revenue is to make a determination as to whether a person was driving a motor vehicle with a thirteen-hundredths of one-percent blood alcohol content "on the basis of the report of a law enforcement officer required in section 4 of this act, . . ." Id., Section 3.2.
Section 4.1, S.B. 318, provides:
 A law enforcement officer who arrests any person for a violation of section 577.010 or 577.012, RSMo, and in which the alcohol concentration in the person's blood or breath was thirteen hundredths of one percent or more by weight, shall forward to the department a verified report of all information relevant to the enforcement action, including information which adequately identifies the arrested person, a statement of the officer's grounds for belief that the person violated section 577.010 or 577.012, RSMo, a report of the results of any chemical tests which were conducted, and a copy of the citation and complaint filed with the court. [Emphasis added].
The General Assembly passed S.B. 318 only after considerable debate and amendment. The truly agreed to and finally passed version was a conference committee substitute for a house committee substitute for a senate committee substitute for the bill as originally filed as Senate Bill Nos. 318 and 135. The original versions of the bills did not contain the language found in Section 4.1, quoted in full above; section 4.1 was added by the senate committee. Following the senate committee amendments, the house committee deleted Section 4.1 in favor of the following language:
 2.(a) If a person arrested with probable cause to believe that the person was driving while intoxicated has an alcohol concentration in blood or breath of fifteen hundredths of one percent (.15) . . . as shown by the sworn report of the arresting officer to the department of revenue, the department may suspend the license of such person . . . . The department shall make a determination of these facts on the basis of a verified report of the arresting officer setting forth the facts establishing probable cause for the arrest of the licensee and establishing the alcohol concentration in the person's blood or breath. . . . H.C.S.S.C.S.S.B. 318 135, Section 3.2(a)
The conference committee accepted the senate committee version — a version which is much more strict in its language and which, unlike the general arrest provisions of the house committee language, makes specific reference to violations of Sections577.010 and 577.012.
Comparing the truly agreed to and finally passed version with the house committee substitute, which was not adopted, we are led to the conclusion that the General Assembly rejected the broad language of the house committee, which would have provided a suspension mechanism for all arrests based on probable cause to believe a person was operating a vehicle while under the influence of alcohol with a blood alcohol content of fifteen-hundredths, irrespective of the legal basis for the arrest — be it state statute or county or municipal ordinance — in favor of language limiting its applicability to arrests based on violations of state law. Given this clear choice by the legislature, it is our conclusion that the language of Section 4 is not ambiguous. Consistent with the rules of statutory construction to which we earlier referred, there is no room for statutory construction. We are confined to the plain meaning of the language employed by the legislature. See, DePoortere v. Commercial Credit Corp., supra; State ex rel. DeGraffenreid v. Keet, supra; and Schimmer v. H. W. Freeman Const. Co., Inc., supra.
We note that S.B. 318 amends Section 577.037.5 to read as follows:
 Any charge alleging a violation of section 577.010 or 577.012 or any county or municipal ordinance prohibiting driving while intoxicated . . . . [Emphasis added]
The adoption of this language by the General Assembly in the same bill indicates that where the legislature intended to do so, it expressly included references to county and municipal ordinance violations. The absence of this language in Section 4 is, in our opinion, significant.
In answer to your first question, and for the reasons we have expressed, it is our opinion that the verified report described in Section 4 of S.B. 318 is required only when the arresting officer describes the offense charged as a violation of Section 577.010 or577.012. See, Rule 37.09 V.A.M.R.
Your second and third questions are more clearly stated if combined and asked as follows:
 Can the Department of Revenue administratively revoke a person's driver's license based on a verified report filed by an arresting officer who describes the offense charged as a county or municipal violation?
Section 3.2 of S.B. 318 provides in pertinent part:
 The department [of revenue] shall make a determination of these facts [that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the persons' blood or breath was thirteen hundredths of one percent or more . . . Section 3.1, S.B. 318] on the basis of the report of the law enforcement officer required in section 4 of this act. . . . [Emphasis added.]
We find no ambiguity in Section 3.2. The department is permitted to base its factual determination on the required report. In our answer to your first question, we opined that a report is required only where the arresting officer describes the offense charged as a violation of Sections 577.010 or 577.012. Because a report filed with the department based on a county or municipal ordinance violation is not a required report, it is our opinion that the department may not invoke the sanctions of S.B. 318 based on such a report.
Again, the canons of construction compel our conclusion. We must presume that the words "required in section 4 are not idle verbiage. State ex rel. Ashcroft v. City of Sedalia, 629 S.W.2d 578
(Mo.App. 1981); Stanley v. Missouri Director of Revenue, supra; In Re Tompkins' Estate, 341 S.W.2d 866 (Mo. 1960). Further, when a statute expressly prescribes a procedure, it "includes in the power granted the negative that it cannot be otherwise done. . . ." State v. County of Camden, 394 S.W.2d 71, 77 (Mo.App. 1965).
We turn now to your fourth question. In Missouri, a municipal ordinance may go further its its prohibition than a state statute provided the ordinance does not attempt to authorize what the legislature has forbidden and unless the state statute is preclusive. City of Kansas City v. LaRose, 524 S.W.2d 112 (Mo. banc 1975). State ex rel Hewlett v. Womach, 355 Mo. 486,196 S.W.2d 809 (banc 1946).
Section 577.023.13 as amended by S.B. 318, provides in pertinent part:
 A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction; except that no conviction of a violation of a municipal or county ordinance in a municipal or county court may be used to enhance a term of imprisonment in any subsequent proceeding.
Section 577.023.13 cannot be read in a vacuum. Section577.023 read in its entirety, carefully establishes a procedure for enhancing the punishment of a person who is a "prior offender" or a "persistent offender" (as these are defined by Section 577.023.1, S.B. 318) upon a plea of guilty or a conviction "of a violation of Section 577.010 or 577.012". Sections577.023.2 and 577.023.3. After establishing a statutory procedure for hearing evidence of prior convictions, subsection 13 prohibits the use of county or municipal ordinance violations to enhance a term of imprisonment. The entire focus of Section 577.023 is on a violation of Sections 577.010 or 577.012. For this reason, and because Section 577.023.10 expressly contemplates the state and not the county or a municipality being heard at the sentencing hearing, we believe that the proceedings to which Section 577.023
applies are proceedings in state court in which a person is charged with a violation of Sections 577.010 and 577.012. It is, therefore, our opinion that the provisions of Section 577.023.13 do not prohibit a county or municipal ordinance from providing for an enhanced punishment for a conviction of driving while intoxicated when the person convicted has a prior county or municipal ordinance conviction for a similar offense.
As always in these opinions, we seek to analyze the law and decide the issues presented as would a court faced with a similar legal question. Yet this opinion deserves — and has received — special attention. Drunk driving is a plague on our society. Our streets and highways are stained with innocent blood.
Regrettably, our opinion holds that S.B. 318 does not address the drunk driving problem as completely as it might. Had Section 4.1 of S.B. 318 read:
 A law enforcement officer who arrests any person for a violation of section 577.010 or 577.012, RSMo or for a violation of any county or municipal ordinance prohibiting driving while intoxicated. . . . ,
this opinion would have reached a much different result. We call on the legislature to adopt corrective legislation at the earliest possible date.
CONCLUSION
It is the opinion of this office that the verified report described in Section 4 of C.C.S.H.C.S.S.C.S.S.B. Nos. 318 and 135 (82nd General Assembly, 1st Regular Session) is required only when the arresting officer describes the offense charged as a violation of Sections 577.010 or 577.012, RSMo 1978, that, pursuant to Section 3.1 of C.C.S.H.C.S.S.C.S.S.B. Nos. 318 and 135 (82nd General Assembly, 1st Regular Session), the department of revenue may not suspend the driver's license of a person based on the report of an arresting officer who describes the offense charged as a violation of county or municipal ordinance, and that the provisions of Section 577.023.13 [as amended by C.C.S.H.C.S. S.C.S.S.B. Nos. 318 and 135, (82nd General Assembly, 1st Regular Session)] do not prohibit a county or municipality from enacting an ordinance providing for enhanced punishment for a conviction of driving while intoxicated when the person charged has a prior municipal or county conviction for a similar offense.
very truly yours,
 JOHN ASHCROFT Attorney General