Dear Mr. Rice:
This opinion is in response to your questions asking:
 Do the fire marshal and his assistants have full police authority in conducting investigations of fires and possible arson related offenses under RSMo. 320.230?
 Does the language in RSMo. 320.230 to the effect the fire marshal and his investigators "shall be deemed peace officers if they shall be assaulted" mean that this is the only situation in which they shall be deemed peace officers?
Section 320.230.2, RSMo 1986, which generally sets forth the authority of the fire marshal and his assistants states:
 The state fire marshal and his paid investigators who have completed at least two hundred forty hours of basic police training as approved by the director of the department of public safety shall have the power of arrest for fire related offenses only, and only when investigating the cause, origin, or circumstances of fires, explosions, or like occurrences involving the possibility of arson, or related offenses, and in connection with such offenses when aiding and assisting the sheriff of any county or the chief of police of any municipality, or their designated representatives, at their request and while engaged in the performance of their duties as herein prescribed shall be deemed peace officers if they shall be assaulted.
In interpreting the statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo.banc 1983). The plain meaning of the statutory language should also be given effect whenever possible. State ex rel. D.M. v.Hoester, 681 S.W.2d 449, 450 (Mo.banc 1984).
With these principles in mind, the answer to your first question about the authority of the fire marshal's office can be determined by reviewing the statutory authority of the fire marshal as a whole. Section 320.240, RSMo 1986, allows the fire marshal's office to enter property at all reasonable hours to make investigations of a fire loss or the origin of a fire. Section 320.245, RSMo 1986, gives the fire marshal the authority to subpoena documents, records and witnesses as part of an investigation. Section 320.230.1, RSMo 1986, states that the fire marshal shall conduct investigations and may conduct hearings into the "cause, origin or circumstances of fire losses." Finally, as previously set forth, Section 320.230.2, RSMo 1986, gives the fire marshal's office arrest authority. That arrest authority is limited, however, to fire-related offenses.
In reading these statutes, all of which relate to the same subject, they are to be harmonized so as to accomplish the intent of the legislation. State ex rel. Day v. County Courtof Platte County, 442 S.W.2d 178, 182 (Mo.App. 1969). Reading these statutes together leads to the conclusion that the fire marshal and his assistants do have full police powers when investigating fires and fire-related offenses. In other words, the subject matter jurisdiction of the fire marshal's office is limited, but full police authority exists within that subject matter jurisdiction.
This interpretation helps to answer your second question concerning whether the fire marshal and his assistants shall be deemed peace officers "if they shall be assaulted." As already stated, the fire marshal and his assistants have police authority, with limited subject matter jurisdiction. This subsection does not state that the fire marshal and his assistants are peace officers only when assaulted, but simply states that they will be considered police officers when assaulted. We are confined to the plain meaning of the language employed in the statute. State ex rel. DeGraffenreid v. Keet,619 S.W.2d 873, 876 (Mo.App. 1981). There are a number of crimes involving assaults where the status of the victim as a peace officer is relevant. See Section 575.150 (resisting or interfering with arrest); Section 565.032.2(5) (first degree murder). The language of Section 320.230, RSMo 1986, seems intended only to specify that members of the fire marshal's office are peace officers under such provisions and was not intended to suggest that they are peace officers only when assaulted.
CONCLUSION
It is the opinion of this office that pursuant to Section320.230.2, RSMo 1986, the fire marshal, his assistants and investigators who have completed 240 hours of basic police training are peace officers with general police powers when investigating fire-related offenses. They are also considered peace officers when assaulted while engaged in the performance of their duties.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General