Dear Mrs. Kelly:
This opinion is in response to your question asking:
 May a court, under the Criminal Activity Forfeiture Act (Sections 513.600 through 513.645, RSMo 1986), order the distribution of forfeited cash or the proceeds from the judicial sale of forfeited property to any public governing body or entity, other than the State of Missouri?
The resolution of this question depends upon the interpretation of two statutes governing the disposition of forfeited property. Section 513.620, RSMo 1986, governs the disposition of property after a court has rendered a judgment forfeiting the property. This statute provides:
 513.620. Disposition of property after judgment. — Subject to the requirement of protecting the interest of all innocent parties, the court may after judgment of forfeiture make any of the following orders for disposition of the property:
 (1) Destruction of contraband, the possession of which is illegal; (2) Retention for official use by any agency of this state or any political subdivision thereof;
* * *
(4) Judicial sale of the property;
* * *
 (6) Any other disposition of the property as may be provided by the laws of this state which is in the interest of justice and adequately protects innocent parties.
The second statute relevant to your inquiry is Section513.623, RSMo 1986, which states:
 513.623. Disposition of proceeds after sale. — The net proceeds of any sale or disposition after satisfaction of the interest of any innocent party shall be paid into the Missouri state general revenue; provided however that, the net proceeds of any sale or disposition of property forfeited as a result of criminal activity in violation of section 568.060, RSMo, shall be paid into the children's trust fund as established in section 210.173, RSMo.
The principle task of statutory construction is to seek the intent of the legislature. Breeze v. Goldberg, 595 S.W.2d 381,382 (Mo.App. 1980); Schimmer v. H. W. Freeman Const. Co.,Inc., 607 S.W.2d 767, 769 (Mo.App. 1980). In so doing, we are given direction by the canons of construction adopted by the courts of this state. Legislative intent must be ascertained by examining the plain language of the statute viewed as a whole.Staley v. Missouri Director of Revenue, 623 S.W.2d 246, 248
(Mo. banc 1981). Irrespective of what the legislature may have intended, we must look to the express language of the law to determine its meaning. State ex rel. DeGraffenreid v. Keet,619 S.W.2d 873, 876 (Mo.App. 1981); Schimmer v. H. W. FreemanConst. Co., Inc., supra, 607 S.W.2d at 769; Biermann v.Biermann, 584 S.W.2d 106, 107 (Mo.App. 1979).
When the words of a statute are ambiguous, it is proper to consider the history of the legislation, an inquiry which may require an examination of the original bill as filed. State exrel. Zoological Park Subdistrict of the City and County of St.Louis v. Jordan, 521 S.W.2d 369, 372 (Mo. 1975); State ex rel.Danforth v. European Health Spa, Inc., 611 S.W.2d 259, 264
(Mo.App. 1980). But, when the language of a statute is unambiguous, there is no room for construction since the legislature will be presumed to have said exactly what it intended. DePoortere v. Commercial Credit Corp., 500 S.W.2d 724,727 (Mo.App. 1973); State ex rel. DeGraffenreid v. Keet,supra, 619 S.W.2d at 876. In addition, statutes "relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each."State ex rel. Lebeau v. Kelly, 697 S.W.2d 312, 315 (Mo.App. 1985). Since Section 513.620 and Section 513.623 were enacted simultaneously as Sections 10 and 11, respectively, of House Committee Substitute for Senate Bill No. 450, 83rd General Assembly, Second Regular Session (1986), it is particularly true that they must be considered together. See Cascio v. Beam,594 S.W.2d 942, 946 (Mo. banc 1980).
With these guidelines in mind, it appears that Section513.620, RSMo 1986, was intended to give a court broad discretion to dispose of property in whatever manner is deemed appropriate, including allowing an agency or political subdivision to retain the property or requiring a judicial sale of the property. It would appear that this would include allowing an agency or political subdivision to retain both property and money. There does not appear to be any reason why a distinction should be presumed to exist. In fact, to make such a distinction would be inconsistent with the rule of statutory interpretation that the words used are given their plain and ordinary meaning. Springfield Park Central Hospitalv. Director of Revenue, 643 S.W.2d 599, 600 (Mo. banc 1983).
Section 513.623, RSMo 1986, harmonized with Section513.620, RSMo 1986, does not alter that interpretation. Section513.623, RSMo 1986, provides that should a court order a judicial sale or other disposition, the net proceeds after satisfaction of the interest of innocent parties will go to the state general revenue fund except where the net proceeds are to go to the children's trust fund. The use of the word "proceeds" in Section 513.623, RSMo 1986, does not necessarily equate with all "money."
Black's Law Dictionary, Revised Fourth Edition, defines "proceeds" as "[i]ssues; income; yield; receipts; produce; money or articles or other things of value arising or obtained by the sale of property sold or converted into money or into other property." Thus, by choosing the word "proceeds," the legislature is presumed to have intended to refer to the net yield from a judicial sale. We must presume the legislature did not intend the word "proceeds" to be mere verbiage, State exrel. Ashcroft v. City of Sedalia, 629 S.W.2d 578, 583 (Mo.App. 1981), but intended that term to be given its plain and ordinary meaning. State ex rel. DeGraffenreid v. Keet, supra,619 S.W.2d at 876.
CONCLUSION
It is the opinion of this office that the Criminal Activity Forfeiture Act, and in particular Section 513.620, RSMo 1986, authorizes a judge to award any money forfeited to a state agency or political subdivision. Furthermore, while Section513.623, RSMo 1986, requires the proceeds of any judicial sale to be paid into the Missouri state general revenue except for that paid to the children's trust fund, that provision does not apply to all money but instead money that is obtained as a result of a judicial sale or other disposition.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General