Dear Representative Cairns and Director Rice:
Each of you has posed questions relating to the training and certification of peace officers or reserve officers. The question posed by Representative Cairns is as follows:
 Does the Director have the authority to deny certification to reserve officers appointed prior to August 15, 1988, by the City of Webster Groves not subsequently appointed as reserve officers by any different law enforcement agency when under the provisions of Section 590.115.3 RSMo training is not required?
The questions posed by Director Rice are as follows:
 1. If peace officers appointed prior to December 31, 1978, or reserve officers appointed prior to August 15, 1988, apply for certification, can this department require that they satisfy the applicable basic training requirement for peace officers/reserve officers in order to become certified?
 2. Does the director have the discretion of establishing a minimum training requirement for reserve officers appointed prior to August 15, 1988, who apply for certification?
 3. Section 590.115.2, RSMo Supp. 1988, states training is recommended but not required of a peace officer who has been employed as a full-time peace officer and was appointed before December 31, 1978, unless and until any such officer is appointed as a peace officer after August 15, 1988, by a different law enforcement agency than the one to which he was appointed or by which he was employed on August 13, 1988. Section 590.115.3, RSMo Supp. 1988, states training is recommended but not required of a reserve officer who is appointed as a reserve officer prior to August 15, 1988, unless and until any such officer is appointed as a reserve officer after August 15, 1988, by a different law enforcement agency than the one to which he was appointed on August 13, 1988. Do the dates in question impact on the hiring and certification process of an officer employed on August 14-15, 1988?
Section 590.115, RSMo Supp. 1988, provides:
 590.115. Noncertified officers training to be completed when — exception, reserve officers training to be at option of political subdivision — prior training, what qualifies for certification. — 1. Within one year from date of probationary appointment, the chief executive officer shall furnish to the director evidence that the noncertified officer has satisfactorily completed instruction in a course of training for peace officers in a certified training academy or is currently enrolled in a certified training program to be completed within the first year of employment.
 2. Training specified in sections 590.100 to 590.180 is recommended but not required of a peace officer who has been employed as a full-time peace officer and was appointed before December 31, 1978, unless and until any such officer is appointed as a peace officer after August 15, 1988, by a different law enforcement agency than the one to which he was appointed or by which he was employed on August 13, 1988. Such officer must satisfactorily complete within one year from the date of this probationary appointment the training requirements for peace officers established by the director for each specific jurisdiction or be enrolled in such a certified training program to be completed within the first year of appointment.
 3. Training specified in sections 590.100 to 590.180 is recommended but not required of a reserve officer who was appointed as a reserve officer prior to August 15, 1988, unless and until any such officer is appointed as a reserve officer after August 15, 1988, by a different law enforcement agency than the one to which he was appointed on August 13, 1988. Such a reserve officer and every reserve officer appointed after August 15, 1988, may, at the option of the political subdivision in which the officer is employed, satisfactorily complete within one year from the date of his initial probationary appointment the training requirements for peace officers established by the director for each specific jurisdiction or be enrolled in such a certified training program to be completed within the first year of appointment.
 4. Except as provided in subsections 1, 2, 3 and 5 of this section, in the event that a peace officer claims to have had prior training and experience, the chief executive officer shall furnish to the director evidence that the noncertified officer has satisfactorily completed instruction in a course of training for peace officers conducted by a law enforcement training academy or institute which is approved by the director as providing training equivalent to standards set for jurisdiction within this state. The training course satisfactorily completed by the noncertified officer shall meet the minimum training requirements of the jurisdiction in which he is appointed or is to be appointed as required under the provisions of sections 590.100 to 590.180.
 5. The director may certify a chief executive officer, peace officer or reserve officer as qualified under sections 590.100
to 590.180, if the person's employer furnishes the director with evidence that the chief executive officer has training or experience equivalent to the standards set forth in subsection 1, 2, 3, or 4 of this section or is a graduate of the FBI National Academy or its equivalent as determined by the director, or holds a bachelor of science degree in criminal justice or a related field received from an accredited college or university or a doctor of jurisprudence degree received from a college or university approved by the American Bar Association.
 6. Peace officers meeting the requirements in subsection 1, 2, 3, 4 or 5 of this section shall be certified by the director as having completed the training requirements under sections 590.100 to 590.180. (Emphasis added.)
The principle task of statutory construction is to seek to find and further the intent of the legislature. Centerre Bankof Crane v. Director of Revenue, 744 S.W.2d 754 (Mo. banc 1988). Legislative intent must be ascertained by examining the plain language of the statute viewed as a whole. Staley v.Missouri Director of Revenue, 623 S.W.2d 246 (Mo. banc 1981). Irrespective of what the legislature may have intended, we must look to the express language of the law to determine its meaning. State ex rel. DeGraffenreid v. Keet, 619 S.W.2d 873
(Mo.App. 1981). When the language of a statute is unambiguous, there is no room for construction since the legislature will be presumed to have said exactly what it intended. DePoortere v.Commercial Credit Corporation, 500 S.W.2d 724 (Mo.App. 1973).
It is clear that the legislature intended to "grandfather" certain peace officers and reserve officers from completing the mandatory training requirement of Chapter 590, RSMo. The question to resolve is whether these officers are exempt from certification or are exempt from the training.
The answer to this question can be found in subsection 6 of Section 590.115. That section states that officers "meeting the requirements . . . shall be certified by the director as having completed the training requirements under sections 590.100 to590.180." Thus, the language permits the director to certify only those persons "having completed the training". When a statute expressly prescribes how a procedure is to be performed, it "includes in the power granted the negative that it cannot be otherwise done." State ex rel. State Highway Commission v.County of Camden, 394 S.W.2d 71, 77 (Mo.App. 1965). It would be contrary to the statute for the director to issue a certificate to anyone who has not actually completed the training.
Therefore, we conclude that the "grandfather" provisions of Chapter 590 exempt an officer from being certified. Exempt officers may chose to receive the training and then receive a certificate from the Department of Public Safety but cannot be required to be trained or certified. In answer to the question of Representative Cairns, the director does have the authority to deny certification to the reserve officers in question who have not completed the required training. In answer to the first question of Director Rice, the department can require the officers in question to complete the training in order to become certified.
Having determined that grandfathered reserve and peace officers are exempt from mandatory certification, we now address the second question of Director Rice asking if the director may develop a program of training for exempt reserve officers who nevertheless voluntarily choose to seek certification. We understand your question relates to certain exempt reserve officers who desire training but not of the number of hours provided in the training program for nonexempt reserve officers. These exempt reserve officers would receive training of fewer hours and receive recognition, a certificate, for such limited training. The officers involved are from agencies located in a county of the first class having a charter form of government.
Section 590.105, RSMo Supp. 1988, states, in part: "The director shall establish the minimum number of hours of training and core curriculum." The only statutory limitation on the authority set forth in Section 590.105 is that the director may not require more than one thousand hours for state officers, more than six hundred hours for officers whose agencies are located in any county of the first class having a charter form of government or in any city not within a county, and more or less than one hundred and twenty hours for any other officer. The express mention of one limitation implies the exclusion of any other limitations. Harrison v. MFA Mutual Insurance Co.,607 S.W.2d 137, 146 (Mo. banc 1980). Under such section, the director is only limited in that the training shall not exceed six hundred hours for reserve officers in such county.
Therefore, we conclude that the director may establish training requirements for reserve officers who are exempt from certification but who choose to seek certification for such limited training. This certificate of limited training would not constitute a certificate under subsection 3 of Section590.115 should the officer be appointed by a different law enforcement agency after August 15, 1988. This is because reserve officers hired by a different agency who wish to be certified must complete "the training requirements for peace officers."
The third question of Director Rice deals with peace officers and reserve officers who are hired between August 13, 1988, and August 16, 1988. With respect to peace officers, subsection 2 of Section 590.115 states that training "is recommended but not required of a peace officer who has been employed as a full-time peace officer and was appointed before December 31, 1978, unless and until any such officer is appointed as a peace officer after August 15, 1988, by a different law enforcement agency than the one to which he was appointed or by which he was employed on August 13, 1988." Under this subsection only one classification of peace officer is exempt, those who were working as a peace officer prior to December 31, 1978, and who were working for the same department after August 15, 1988, as they were working for on August 13, 1988. Any other officer must be certified, including officers who are hired by a new or different law enforcement agency on August 14 or 15, 1988. This is because those officers would be working for a different law enforcement agency after August 15, 1988, than the one they were working for on August 13, 1988.
With respect to reserve officers, under Missouri law no reserve officers must be certified. Subsection 3 of Section590.115 states in part: "Such a reserve officer and everyreserve officer appointed after August 15, 1988, may, at the option of the political subdivision in which the officer is employed, satisfactorily complete within one year from the date of his initial probationary appointment the training requirements for peace officers established by the director . . . ." (Emphasis added.) Certification and, thus, mandatory training is not required for any reserve police officer regardless of when appointed. The only reason for designating a date in the legislation is that the training for a reserve officer appointed after August 15, 1988, must be the same training as that received by a "regular" peace officer.
This interpretation is bolstered by the legislative history of this statute. Prior to the enactment of the present statute in 1988 (Conference Committee Substitute for Senate Committee Substitute for Senate Bill No. 532, 84th General Assembly, Second Regular Session), reserve officers could not be certified, even if they wished to be. This was because certification was limited to peace officers working more than thirty-two hours a week. Section 590.100(2), RSMo. 1978. Senate Bill No. 532 changes the law to allow, but not require, the certification of reserve officers regardless of the number of hours they work.
For these reasons, the dates impact upon the hiring and certification of reserve officers only because reserve officers hired after August 15, 1988, must receive the same training as any other peace officers to be certified while a reserve officer appointed prior to that date may receive different training to be certified as the director may establish.
CONCLUSION
It is the opinion of this office that: (1) the "grandfather" provisions in Section 590.115, RSMo Supp. 1988, exempt certain peace officers and reserve officers from being certified, and the director of the Department of Public Safety may not issue a certificate to such officers unless the officers have completed the required training, (2) the director may establish training requirements for reserve officers who are exempt from certification, but voluntarily choose to seek certification, (3) under subsection 2 of Section 590.115 only peace officers who were working as a peace officer prior to December 31, 1978, and were working for the same department after August 15, 1988, as they were working for on August 13, 1988, are exempt from certification, and (4) reserve officers appointed after August 15, 1988, must receive the same training as peace officers in order to be certified.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General