Robert L. and William C. **STALEY,**
**Petitioners,**

v.

**MISSOURI DIRECTOR OF**
**REVENUE, Respondent.**

**No. 62847.**

Supreme Court of Missouri,
en banc.

Nov. 10, 1981.

Richard N. Brown, Brown & Casey, Brookfield, for petitioners.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Petitioners seek reversal of a decision of the Administrative Hearing Commission which affirmed the Director's assessment of sales tax, penalties, and interest on petitioners' sale of certain tangible personal property. Petitioners assert that the decision is neither supported by substantial and competent evidence upon the whole record nor authorized by law. Section 161.338, RSMo 1978. Reversed.

Petitioners, as partners, owned two buildings used as grocery stores, both furnished with cash registers, counters, meat slicers, shopping carts, etc. The partnership leased all of this to two corporations, Staley's Super Foods, Inc., d/b/a Staley's Thiftway, in Brookfield, Mo., and Reed's Thriftway, Inc., d/b/a Staley's Thriftway in Macon, Mo. On August 17, 1977, the partnership contracted to sell all of the furnishings and lease the buildings to Wetterau, Inc., or its assigns, and agreed not to compete with Wetterau, Inc., or its assigns. This agreement further provided Staley's Super Foods, Inc. and Reed's Super Foods, Inc., would transfer the business of the two markets to Wetterau, Inc. The sale was closed

on October 11, 1977, when the furnishings were sold for $523,000. On May 10, 1979, after an audit, the Director of Revenue assessed a tax on the sale of the furnishings which, including penalties and interest, totalled $40,000.

The tax was assessed pursuant to § 144.020.1, RSMo 1978 which in relevant part states, "A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business of selling tangible personal property ... in this state." The Director of Revenue asserts the tax was properly assessed because petitioners' sale is within the definition of "business" found in § 144.010.1(2), RSMo 1978: [1]

'Business' includes any activity engaged in by any person ... with the object of gain, benefit, or advantage, either direct or indirect, and the classification of which business is of such character as to be subject to the terms of sections 144.010 to 144.510. The isolated or occasional sale of tangible personal property, service substance, or thing, by a person not engaged in such business does not constitute engaging in business, within the meaning of sections 144.010 to 144.510 unless the total amount of the gross receipts from such sales, exclusive of receipts from the sale of tangible personal property by persons which is sold in the course of the partial or complete liquidation of a household, farm or non-business enterprise, exceeds three thousand dollars in any calendar year. The provisions of this subdivision shall not be construed to make any sale of property which is exempt from sales or use tax on June 1, 1977, subject to that tax thereafter.

*Id.* Under these sections any seller must pay sales tax if he is "engaged in the 'business' of selling" unless the sale is "isolated or occasional" in nature and totals less than $3,000 in a calendar year. An exception exists for the "liquidation of households, farms or non-business enterprises" which is not subject to sales tax regardless of the amount.

The Administrative Hearing Commission found that petitioners were not engaged in the business of selling supermarket furnishings and that the sale was a one-time, complete liquidation sale within the meaning of an isolated or occasional sale. It also held that because the sale was clearly in excess of the $3,000 limit and because petitioners were in business (and thus not within the non-business enterprise exception), sales tax was properly imposed. Petitioners contend that because they were in the rental business and not in the business of selling store furnishings, the sale comes within the "non-business enterprise" exception.

■ This case requires determination of the meaning of an "isolated or occasional sale ... in the course of the partial or complete liquidation of a ... non-business enterprise ..." § 144.010.1(2), RSMo 1978. The construction of a statute is a question of law. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343 (Mo.App.1980). Administrative agency decisions clearly based on the interpretation or application of law "are matters for the independent judgment of the reviewing court, and correction where erroneous." *St. Louis County v. State Tax Commission of Missouri,* 562 S.W.2d 334, 337–338 (Mo.banc 1979), *State Board of Registration for Healing Arts v. Masters,* 512 S.W.2d 150, 158 (Mo.App.1974). This Court must ascertain and enforce the intent of the legislature as manifested by the plain language of the statute viewed as a whole. *Goldberg v. Administrative Hearing Commission,* 609 S.W.2d 140 (Mo.banc 1980), *Blue Springs Bowl v. Spradling,* 551 S.W.2d 596 (Mo.banc 1977).

1. This statute became effective September 28, 1977, (pursuant to Mo.Const., art. III, § 13, V.A.M.S.), between the time when the parties contracted and when they closed the sale. Petitioners encourage the application of the version of § 144.010.1(2) effective prior to September 28, 1977, and under which their sale would clearly be excluded from tax; however, the definition of "sale" in both versions of § 144.010.1(7), RSMo (before and after September 28, 1977) refers to "every closed transaction". *Id.* Since the closing in issue occurred October 11, 1977, the amended version is applicable. A review of the former version aids in determining the legislature's intent in enacting the current provision.

As related to liquidation sales the term "non-business enterprise" is subject to two interpretations. The first meaning is any such sale not made by a commercial entity. Under this meaning, adopted by the Commission, no sale by any business whatever constitutes a "non-business enterprise" liquidation. The other meaning, asserted by petitioners, includes all that which is encompassed by the first definition plus liquidation sales by commercial entities which are not within the normal course of dealings of the particular business. Although the latter interpretation arguably exceeds the plain meaning of "non-business", consideration of the plain meaning of the entire definition of "business" indicates that petitioners' interpretation is what the legislature intended.

The definition states that "business includes any activity . . . ." An "activity" is defined in Webster's Third New International Dictionary as "an occupation (or) pursuit . . . in which a person is active." By comparision an "Act" is defined as "a thing done or being done", *supra*. The difference between an act, which denotes a single deed and an activity which denotes an ongoing occupation is significant because the legislature chose to use only "activity" and not both. To make this distinction clear, the next sentence states that "The isolated or occasional sale of tangible personal property . . . by a person not engaged in such business (defined in the preceding sentence as activity) . . . does not constitute engaging in business . . . ." Thus, when the general assembly contrasts "business" with "isolated or occasional sale", it intends to distinguish the two.

The legislature also selectively used the singular and plural forms of the word "sale". In reference to "isolated or occasional" transaction, "sale" is used; when referring to the $3,000 limit the word "sales" appears. Yet, the legislature returned to the singular, "sale", regarding "partial or complete liquidation". When "sales" is used it refers to when "the total amount of gross receipts from such sales . . . exceeds three thousand dollars in any calendar year." The time length of one year fixed by the statute contemplates ongoing and repeated conduct. This usage indicates the legislature's intent to distinguish between the one-time liquidator and the repeated liquidator of tangible personal property.

In selective use of "sale" and "sales", and in distinguishing between "business" and "an isolated or occasional sale", the legislature intended to place a $3,000 limit, during any calendar year, on liquidation sales by one who is not, strictly speaking, in the business of selling the item(s) sold but who liquidates with such regularity that sales are not "isolated or occasional". As to "an isolated or occasional" liquidation sale within a year, by one not "engaged in the business of selling" the item sold, no $3,000 limit is applicable.

This construction is confirmed by the last sentence of this section which states: "The provisions of this subdivision shall not be construed to make any sale of property which is exempt from sales or use tax on June 1, 1977, subject to that tax thereafter." The previously existing section [2] provided that the "isolated or occasional sale" was not equivalent to "engaging in the business of selling" and thus excluded. The sale in this case was, according to the Commission, "a one-time, complete liquidation sale which, prior to the 1977 amendment, would have been excluded from sales tax . . . as an isolated or occasional sale." Yet, the Commission held that since the petitioners were in a business the tax applied. This holding by the Commission renders the last sentence meaningless.

---

2. 'Business' includes any activity engaged in by any person, or caused to be engaged in by him, with the object of gain, benefit or advantage, either direct or indirect, and the classification of which business is of such character as to be subject to the terms of sections 144.010 to 144.510. The isolated or occasional sale of tangible personal property, service, substance, or thing, by a person not engaged in such business does not constitute engaging in business, within the meaning of sections 144.010 to 144.510.
Section 144.010.1(2), RSMo 1975 Supp.

The legislature may not be charged with having done a meaningless act. *State ex rel. Thompson-Sterns-Roger v. Schaffner*, 489 S.W.2d 207 (Mo.1973). Admittedly petitioners' interpretation allows taxation of some "occasional or isolated sale" which formerly was exempt (i.e., those over $3,000), and thus is also contrary to the last sentence of the section. It is, however, the only reasonable interpretation which gives some effect to all of the provisions of § 144.010.1(2), RSMo 1978. It permits the assessment of sales tax on "isolated or occasional sales" over $3,000 in a year and maintains the exempt status of many if not all of those sales which the legislature intended to exclude prior to June 1, 1977 (i.e., those "isolated or occasional sales" which are either less than $3,000 or which constitute a liquidation of a household, farm or non-business enterprise). All provisions of a statute must be harmonized and every word, clause, sentence, and section thereof must be given some meaning. *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441 (Mo. banc 1980). Legislative changes should not be construed to be without purpose unless no other conclusion is possible. *Kilbane v. Director of Revenue*, 544 S.W.2d 9 (Mo. banc 1976).

The Director of Revenue asserts that because the petitioners were in the business of renting the furnishings, and because rental is a taxable service under § 144.020.1(8), RSMo 1978, the eventual sale of the property is a natural aspect of their business and therefore is subject to sales tax. This argument fails because it is contrary to the Commission's finding that the sale was a one-time isolated and occasional complete liquidation. The argument overlooks the legislature's express exemption of occasional or isolated liquidations. That the partnership is in the business of renting does not necessarily mean that it regularly sells the property it leases. If petitioners were in the automobile leasing business which regularly liquidated its inventory to keep it current, then they could not argue these sales are "isolated or occasional" in nature. This is not such a case.

■ If the two interpretations of an "occasional or isolated liquidation sale" by "a non-business enterprise" were viewed as equally valid, the meaning asserted by petitioner would still be favored because it provides a tax-exemption of greater scope. Tax statutes are to be strictly construed in favor of the taxpayer and against the taxing authority. *Goldberg v. Administrative Hearing Commission*, 609 S.W.2d 140 (Mo. banc 1980), *Cascio v. Beam*, 594 S.W.2d 942 (Mo. banc 1980)[3].

■ The legislature's reference to "liquidation of a . . . 'non-business enterprise'" means a liquidation sale by an enterprise which, though in some kind of business, does not regularly sell the particular goods involved. Thus the tax assessed against petitioners was improper. Because this holding is dispositive, there is no need to consider the petitioners' other points on appeal.

The decision is reversed.

DONNELLY, C. J., and RENDLEN, WELLIVER and MORGAN, JJ., concur.

BARDGETT, J., dissents in separate dissenting opinion filed.

SEILER, J., dissents and concurs in separate dissenting opinion of BARDGETT, J.

BARDGETT, Judge, dissenting.

I respectfully dissent. The sales tax in this case was being imposed upon the sale of furnishings (cash registers, counters, meat slicers, shopping carts, etc.) which were in the two buildings used as grocery stores. The petitioners, as a partnership, owned the two grocery store buildings and the furnishings within them, and leased the buildings and furnishings to two corporations which petitioners owned. These two corporations operated grocery stores using the buildings and furnishings to do so. The

---

**3.** A number of other jurisdictions have construed similar statutes as this Court has construed § 144.010.1(2), RSMo 1978. *See*, Sales and Use Taxes: Exemption of Casual, Isolated or Occasional Sales, 42 A.L.R.3d 292.

partnership contracted to *sell* the furnishings and *lease* the grocery store buildings to Wetterau, Inc. The two corporations, Staley's Super Foods, Inc., and Reed's Super Foods, Inc., were to transfer the *business* of the two markets to Wetterau, Inc., as part of the total transaction. It seems clear that the use of the buildings and furnishings by petitioners and their corporations for the operation of grocery stores was a business enterprise and not a nonbusiness enterprise. The lease of the buildings, the sale of the furnishings and transfer of the "business" of the two markets to Wetterau were business transactions that included as part thereof the sale of the furnishings. In my opinion, there is no "nonbusiness enterprise" involved in this matter at all. If that which is being sold, leased, or transferred can be called an "enterprise", it is a business enterprise in every respect and not a nonbusiness enterprise. The amount of the sale was over $3,000 and therefore, in my opinion, the sale of the furnishings was taxable under § 144.010.1(2), RSMo 1978, unless the sale is not taxable because of the last sentence of § 144.010.1(2) which provides that if the sale was exempt on June 1, 1977, then it remains exempt.

In my opinion the sale was taxable under the law as of June 1, 1977. *See*, fn. 2 of the principal opinion for the applicable statute. The partnership listed "rentals" as its principal business in its 1976 income tax return and was depreciating its rental tangible personal property—the furnishings it later sold—as any normal business items. The partnership was in the business of renting the two buildings and the "furnishings" to its two corporations operating grocery stores. The partnership remains in the business of leasing of the buildings as it now leases the buildings to Wetterau. The "furnishings" which it formerly leased to the two corporations as the business of the partnership are now sold to Wetterau.

Generally, every seller is required to report and pay sales tax to the Director of Revenue based upon his "gross receipts". *See*, §§ 144.021, 144.080, and 144.100, RSMo 1978. The term "gross receipts" as defined in § 144.010.1(3) includes the lease or rental

consideration where the right to continuous possession or use of any article of tangible personal property is granted under a lease or contract and such transfer of possession would be taxable if outright sale were made.

Utilizing these definitions, the partnership was certainly in the "business" of renting tangible personal property, a classification which was subject to the terms of §§ 144.010–144.510. This being so, the petitioners were not entitled to claim an exemption from the payment of sales tax because of an isolated or occasional sale of tangible personal property by a person not engaged in "business".

I believe the definition given to "nonbusiness enterprise", as that phrase appears in § 144.010.1(2) by the principal opinion, is incorrect. It seems to me the phrase providing for exemption from tax on sales of certain items, if the sale did not exceed $3,000, was designed to describe the *things* sold and not for the purpose of describing the activity engaged in by the owner of the thing sold. It exempts personal property "sold in the course of the partial or complete liquidation of a household, farm or nonbusiness enterprise". A "household" is not a business; a farm, as such, may or may not be a business; and a person can engage in certain enterprises which would not be a "business", e.g., stamp collecting or other hobbies which are not "business" as that term is defined in the opening sentence of § 144.010.1(2). " 'Business' includes any activity engaged in by any person ... with the object of gain, benefit or advantage, ... and the classification of which business is of such character as to be subject to the terms of sections 144.010 to 144.510." I fail to see how the ownership and leasing of two store buildings and the "furnishings" necessary to operate a grocery business can be classified under § 144.010 as "nonbusiness". It is, in my opinion, clearly a *business* enterprise and the sale of the personal property is therefore taxable in this case.

I therefore dissent.