Dear Representative Auer:
This opinion is in response to your questions asking:
 Question No. 1. It is my understanding that the isolated or occasional sale of tangible personal property by an individual not engaged in business does not subject the transaction to a sales tax. Is a rummage or garage sale a "partial liquidation" within the meaning of subdivision (2) of subsection 1 of section 144.010, RSMo Supp. 1983, and thereby subject to collection of the sales tax on all receipts?
 Question No. 2. Is a person who conducts a garage sale at his home twice per year and has gross sales of less than three thousand dollars per year exempt from collecting and paying sales tax to the state?
 Question No. 3. Is a person who rents space at a "flea market" on a weekly basis to sell personal property but has less than three thousand dollars in gross sales per year exempt from collecting and paying sales tax to the state?
 Question No. 4. Is a person engaged in "tailgate sales" of vegetables with less than three thousand dollars in gross sales per year exempt from collecting and paying sales tax to the state?
Section 144.020.1(1), RSMo Supp. 1983, states:
 A tax is hereby levied and imposed upon all sellers for the privilege of engaging in the business
of selling tangible personal property or rendering taxable service at retail in this state. The rate of tax shall be as follows:
 (1) Upon every retail sale in this state of tangible personal property, a tax equivalent to four percent of the purchase price paid or charged, or in case such sale involves the exchange of property, a tax equivalent to four percent of the consideration paid or charged, including the fair market value of the property exchanged at the time and place of the exchange, except as otherwise provided in section 144.025; [Emphasis added.]
Section 144.010.1(8), RSMo Supp. 1983, defines the phrase "sale at retail", in part, in the following manner:
 "Sale at retail" means any transfer made by any person engaged in business as defined herein
of the ownership of, or title to, tangible personal property to the purchaser, for use or consumption and not for resale in any form as tangible personal property, for a valuable consideration; provided, however, . . . [Emphasis added in part.]
Section 144.010.1(2), RSMo Supp. 1983, defines the word "business" as:
 "Business" includes any activity engaged in by any person, or caused to be engaged in by him, with the object of gain, benefit or advantage, either direct or indirect, and the classification of which business is of such character as to be subject to the terms of sections 144.010 to 144.150. The isolated or occasional sale of tangible personal property, service, substance, or thing, by a person not engaged in such business does not constitute engaging in business, within the meaning of sections 144.010 to 144.510 unless the total amount of the gross receipts from such sales, exclusive of receipts from the sale of tangible personal property by persons which property is sold in the course of the partial or complete liquidation of a household, farm or nonbusiness enterprise, exceeds three thousand dollars in any calendar year. The provisions of this subdivision shall not be construed to make any sale of property which is exempt from sales tax or use tax on June 1, 1977, subject to that tax thereafter. [Emphasis added.]
In Staley v. Missouri Director of Revenue, 623 S.W.2d 246, 250
(Mo. banc 1981), the court interpreted the "occasional or isolated sale" provision as it appeared in Section 144.010.1(2), RSMo 1978, stating:
 It permits the assessment of sales tax on "isolated or occasional sales" over $3,000 in a year and maintains the exempt status of many if not all of those sales which the legislature intended to exclude prior to June 1, 1977 (i.e., those "isolated or occasional sales" which are either less than $3,000 or which constitute a liquidation of a household, farm, or nonbusiness enterprise).
 12 CSR 10-3.004 (as last amended August 6, 1980, effective January 1, 1981) states:
 (1) Determining whether the sale of tangible personal property is subject to the general sales tax is dependent upon whether or not the seller is engaged in the business of selling tangible personal property at retail.
 (2) Except as specified in this rule, the isolated or occasional sale of tangible personal property by a person not engaged in such business does not constitute engaging in business, within the meaning of the sales tax law.
 (3) In determining whether or not a person is engaged only in the "isolated or occasional" sale of property or service, the Department of Revenue will look to the following criteria:
 (A) Any holding out as being engaged in business by the seller such as telephone yellow page listing, business cards, solicitation, advertising, business licenses, etc.;
 (B) Regularity and number of sales within a given period;
(C) Duration of sales activity:
 (D) The nature of the service or property being sold and the nature of the market;
 (E) The physical setting in which the sales activities are conducted; and
(F) The nature and types of customers.
 (4) Persons who, on an isolated or occasional basis, sell tangible personal property in the course of the partial or complete liquidation of a household, farm or non-business enterprise will not be deemed to be engaged in business, even if the total amount of the gross receipts from such sales exceeds three thousand dollars in any calendar year.
 12 CSR 10-3.006(1)(A), (C), and (H) (as last amended August 6, 1980, effective January 1, 1981) state:
 (1) The following are general examples illustrating the treatment of isolated or occasional sales:
 (A) G, a homeowner, holds a garage sale in which he disposes of old clothing, furniture, appliances and other household goods. This is an isolated or occasional sale by one who is not engaged in the business of selling tangible personal property and is not subject to the sales tax;
. . .
 (C) F regularly goes to farm sales, auctions, and garage sales looking for bargains and he holds his own "garage sale" on a monthly basis in which he disposes of his purchases for an appropriate profit. F is not making isolated or occasional sales but is actually engaging in the business of selling and his sales are subject to the sales tax;
. . .
 (H) Sally Brush frequently goes to summer flea markets, arts and craft festivals and neighborhood affairs to sell her paintings, sketches and artifacts. Sally is not making isolated or occasional sales but is actually engaging in the business of selling and her sales are subject to sales tax.
 I. Question No. 1: Partial Liquidations
The first question presented implies that if a garage sale is considered a partial liquidation of a household, then it is subject to the Sales Tax Law. As the Staley case indicates, isolated or occasional sales of over $3,000 in each calendar year that are considered partial liquidations of a household are not subject to the Sales Tax Law.
 II. Question No. 2: Garage Sales
The second question presented asks whether garage sales held two times per year with gross receipts of less than three thousand dollars per year are subject to the Sales Tax Law.
12 CSR 10-3.006(1)(A) indicates that a single garage sale is an isolated or occasional sale. 12 CSR 10-3.006(1)(C) indicates that garage sales held on a monthly basis are not isolated or occasional sales. Here, the garage sales are held two times per year. We believe that such garage sales are occasional sales, and that, without additional circumstances indicating an opposite result, such garage sales would not be considered engaging in the business of selling by a court of law. Accordingly, garage sales held two times per year with gross annual receipts of less than three thousand dollars are not subject to the Sales Tax Law.
 III. Question No. 3: Flea Markets
The third question presented asks whether weekly sellers at flea markets are subject to the Sales Tax Law.
We believe that such sellers are engaging in the business of selling, and that such sales are not isolated or occasional. See12 CSR 10-3.006(C).
 IV. Question No. 4: Tailgate Sales
The fourth question presented asks whether tailgate sales of vegetables are subject to the Sales Tax Law. The question does not state how often such tailgate sales are held. Because the determination of whether sales are isolated or occasional depends upon the regularity and number of sales within a given period, 12 CSR 10-3.004
(3)(B), we are unable to answer this question without knowledge of the frequency of such tailgate sales.
Yours very truly,
 JOHN ASHCROFT Attorney General