**STATE of Missouri, ex rel. EXPRESS 24, INC., Relator,**

v.

**Robert KRAIBERG, Acting Excise Commissioner for the City of St. Louis, Respondent.**

No. 52052.

Missouri Court of Appeals, Eastern District, Division Five.

July 14, 1987.

Rehearing Denied Aug. 18, 1987.

James J. Sauter, Deeba, Sauter & Herd, St. Louis, for relator.

James J. Wilson, City Counselor, David Richard Bohm, Asst. City Counselor, St. Louis, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relator, Express 24, Inc., appeals from an order entered by the Circuit Court of the City of St. Louis quashing a preliminary order in mandamus and denying relator's request for a full package liquor license pending the processing of a protest filed against approval of its application. Relator claims § 14.28.140A of the Revised Code of the City of St. Louis requires a liquor license be issued because it submitted the neighborhood consent petition necessary to defeat the withholding of approval of its application and mandamus is the proper remedy because issuance of the license pending the processing of a protest is a ministerial act. We disagree and affirm the action of the trial court.

Two ordinances of the City of St. Louis lie at the heart of this controversy.

14.18.140 Full package and 22% package licenses—Protest against.

A. Whenever a majority of the persons occupying or conducting any business on the main or surface floor within the package license petition circle of full package or 22% package licensed premises file with the excise commissioner a written protest against the license, the excise commissioner shall notify the licensee of such written protest as is provided by Section 14.20.050. The excise commissioner's final decision and action entered pursuant to Section 14.12.050 shall cancel the package license effective one month after any decision is filed which finds the protest is valid. If a license expires by operation of law before it can be cancelled, it shall not be renewed but may be extended till one month after the date the excise commissioner issues a finding that the protest is valid.

If a protest against a package license is filed with the excise commissioner while a new application is pending, final approval of the new application shall be withheld until after the protest is processed completely unless the applicant submits a petition containing the signatures of a majority of the persons occupying or conducting any business on the main or surface floor within the package license petition circle, as defined in subsection (C) of this section.

Residents may file a protest against the approval of an application which has been filed for a full package or 22% package license for premises not licensed at the time the protest is filed. If the protest is valid, the excise commissioner shall disapprove the application for a license.

B. If a license has been ordered cancelled, not renewed or a new application disapproved as a result of a protest as provided for in subsection (A), no full package or 22% package license shall be issued to the same person or to any other person for the same premises for a period of two years after the date of cancellation, expiration of disapproval unless

the applicant submits a petition consisting of the signatures of the majority of the persons occupying or conducting any business on the main or surface floor within the package license petition circle, as defined in subsection (C).

(Ord. 56592 § 1 (part), 1973: 1960 C. § 376.052.)

. . . .

14.28.150 Full package and 22% package license—Neighborhood approval.

Whenever an application is filed with the excise commissioner for a full package or 22% package liquor license for premises for which no city full package or 22% package license has been in effect for a period of one year or more, the application shall be accompanied by a petition signed by a majority of the persons occupying or conducting any business on the main or surface floor within the package license petition circle as defined in Section 14.28.130.

(Ord. 56592 § 1 (part), 1973: 1960 C. § 376.053.)

The stipulated facts may be summarized as follows. Relator filed an application with respondent, the excise commissioner of the City of St. Louis, on May 22, 1985. On July 17, as required by § 14.28.150, for a premises unlicensed for one year or more, relator submitted a neighborhood consent petition signed by a majority of the persons occupying or conducting business on the main or surface floor within the package license petition circle. On August 7, a protest against approval of the license was filed.

A hearing on the application occurred on August 12. The first of two scheduled hearings on the protest occurred on September 27. On January 16, 1986, eight days before the second scheduled hearing on the protest, the trial court issued a preliminary order in mandamus. Respondent subsequently notified all parties the second hearing on the protest was cancelled. Respondent did not approve the application for a liquor license because he interpreted paragraph three of § 14.28.-140A as not permitting such approval pending determination of the protest's validity.

■ The cardinal rule of statutory construction requires the court to ascertain the true intention of the legislative body. *BCI Corp. v. Charlebois Const. Co.*, 673 S.W.2d 774, 780 (Mo. banc 1984). In determining legislative intent the provisions of the entire legislative act must be construed together, and if reasonably possible, all provisions must be harmonized. *Collins v. Director of Revenue*, 691 S.W.2d 246, 251 (Mo. banc 1985). Every word, clause, sentence and section of a legislative enactment must be given some meaning. *Staley v. Missouri Director of Revenue*, 623 S.W.2d 246, 250 (Mo. banc 1981). The interpretation of the ordinances in question urged upon us by relator would be violative of these principles of legislative construction. It is relator's contention that both paragraph two and paragraph three of § 14.28.-140A cover applications for licenses for previously unlicensed premises. Relator looks to the words "new application" in paragraph two and construes these words to mean an application for a license that did not previously exist. Such a construction renders other language of this ordinance and other related ordinances enacted simultaneously meaningless and superfluous.

Reconciliation of all of the provisions of the involved ordinances mandates the conclusion that each of the paragraphs of § 14.28.140A applies to a distinct factual situation. The first paragraph governs the procedure where a protest is filed against an issued liquor license during the term of the license. This can be seen from the language of that paragraph: the protest is filed "against the license," "the excise commissioner . . . shall cancel the package license," and "if a license expires by operation of law before it can be cancelled, it shall not be renewed but may be extended. . . ."

The second paragraph applies to protests against the renewal of a license where the licensee has filed a new application at the expiration of the term of his license or where an application for a new license is made upon a change of ownership of the

**152**

licensed premises. That the second paragraph applies to such situations is obvious from the language of that paragraph: "if a protest against a package license is filed ... while a new application is pending...." Obviously, a protest cannot be filed against a package license where a license has not yet been issued.

 The third paragraph applies to protests filed against the approval of an *application* for a license for previously unlicensed premises. No provision is made in the third paragraph for the issuance of a license pending disposition of the protest. However, in paragraphs one and two, where a license is already in existence, the rights of the licensee are protected by the provisions permitting a continuation of the licensee's business until the validity of the protest is determined. That each of the three paragraphs relates to a different situation is further demonstrated by the provisions of § 14.28.140B. This subsection prohibits the issuance of a license to a person or premises for two years after 1) cancellation of an existing license, 2) failure to renew an existing license, or 3) disapproval of a new application.

Moreover, if paragraph two of § 14.28.-140A were to apply to an application for a license for previously unlicensed premises, there would be no need to include the provision allowing extension of the license upon the filing of a neighborhood petition because § 14.28.150 requires that such a petition accompany every application for an unlicensed premises. If both sections are construed as applying to the identical type of application, the duplicative language is superfluous, without meaning or purpose.

For the reasons stated above, we conclude that relator's application for unlicensed premises is subject only to the provisions of paragraph three of § 14.28.140A and § 14.28.150. No provision is made therein for the issuance of a license pending final disposition of a protest. Accordingly, relator was not entitled to a writ of mandamus compelling respondent to issue a license during the pendency of the protest.

The judgment of the trial court is affirmed.

SMITH, J., and SIMEONE, Senior Judge, concur.