Dear Mr. Rice:
This opinion is in response to your question asking:
 Does the jurisdiction of a Water Patrolman appointed by the Division of Water Safety extend to all the waterways of this state and all land adjoining within 600 feet?
The jurisdiction of water patrolmen is specifically set out in Section 306.165, RSMo 1986, which provides:
 Section 306.165. Water patrolman, powers, duties and jurisdiction of. — Each water patrolman appointed by the division of water safety and each of such other employees as may be designated by the division, before entering upon his duties, shall take and subscribe an oath of office to perform his duties faithfully and impartially, and shall be given a certificate of appointment, a copy of which shall be filed with the secretary of state, granting him all the powers of a peace officer to enforce all laws of this state, upon all of the following:
 (1) The waterways of this state bordering the lands set forth in subdivisions (2), (3), (4), and (5) of this section;
 (2) All federal land, where not prohibited by federal law or regulation, and state land adjoining the waterways of this state;
 (3) All land within three hundred feet of the areas in subdivision (2) of this section;
 (4) All land adjoining and within six hundred feet of any waters impounded in areas not covered in subdivision (2) with a shoreline in excess of four miles;
 (5) All land adjoining and within six hundred feet of the Mississippi, Missouri, Grand and Osage rivers and such rivers as empty into said rivers for a distance of five miles from the mouth thereof, excluding therefrom all incorporated cities, towns and villages; provided, however, the waterways adjacent to the incorporated cities, towns and villages on said rivers are included in subdivision (1) hereof. . . .
In interpreting the statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain meaning of the statutory language is to be given effect wherever possible. State ex rel. D.M. v.Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984). In determining the legislature's intent it is appropriate to review the legislative history for guidance. Pippin v. City ofSpringfield, 596 S.W.2d 770, 775 (Mo.App. 1980).
Under previous versions of Chapter 306, water patrolmen were designated "deputy boat commissioners." In 1971 the legislature enacted Senate Bill No. 2, 76th General Assembly, First Regular Session, which amended Section 306.165 to read, in part, that each deputy boat commissioner "shall be given a certificate of appointment, a copy of which shall be filed with the secretary of state, granting him all the powers of a peace officer to enforce all laws of this state upon any of itswaterways, except for search and seizure." (Emphasis added). In 1977, however, the legislature amended Section 306.165
through Senate Bill No. 194, 79th General Assembly, First Regular Session, to reflect the statute's current restrictions. "A change in a statute is intended to have some effect, and the legislature will not be charged with having done a meaningless act." State v. Swoboda, 658 S.W.2d 24, 26 (Mo. banc 1983); Staley v. Missouri Director of Revenue, 623 S.W.2d 246,250 (Mo. banc 1981).
In reviewing the jurisdiction of water patrolmen as set forth in the five subsections of Section 306.165, it is perhaps easiest to view the jurisdiction in three categories as follows:
 1. all federal land, where not prohibited by federal law or regulation, adjoining the waterways of this state and state land adjoining the waterways of this state (subsection 2) and all other land within three hundred (300) feet of such land (subsection 3) and the waterways of this state bordering such land (subsection 1);
 2. all land adjoining and within six hundred (600) feet of any waters impounded in areas not covered above with a shoreline in excess of four (4) miles (subsection 4) and the waterways of this state bordering such land (subsection 1);
 3.A. all land adjoining and within six hundred (600) feet of (1) the Mississippi River, (2) the Missouri River, (3) the Grand River, (4) the Osage River, (5) a part of any river that enters into any of the four rivers listed above which part is from the mouth of such river to a distance of five (5) miles upriver from the mouth, excluding from this subcategory A the land in all incorporated cities, towns and villages (subsection 5); and
 B. (1) the Mississippi River, (2) the Missouri River, (3) the Grand River, (4) the Osage River, and (5) a part of any river that enters into any of the four rivers listed above which part is from the mouth of such river to a distance of five (5) miles upriver from the mouth (subsections 1 and 5).
Therefore, in direct answer to your question, the jurisdiction of a water patrolman does not extend to all the waterways of the state and all land adjoining within six hundred (600) feet. Instead, the jurisdiction of a water patrolman is as set forth in Section 306.165.
CONCLUSION
Water patrolmen do not have jurisdiction on all waterways of this state but only upon the waterways enumerated in Section306.165, RSMo 1986, as described herein. Their jurisdiction upon land is as described herein.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General