Gary **ATKINSON**, Claimant–Respondent,

v.

**TIMOTHY PETERSON/T & P FOUNDATION, Employer– Appellant.**

No. 21653.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 18, 1998.

7. The trial court's cryptic order yields no clue as to the rationale for the ruling.

Jason W. MacPherson, Mountain Grove, for Appellant.

Michael D. Mayes, Schmidt, Kirby & Sullivan, P.C., Springfield, for Respondent.

PARRISH, Judge.

Timothy Peterson (employer) appeals an award of the Labor and Industrial Relations Commission (the commission) awarding Gary Atkinson (claimant) benefits. Employer did not have workers' compensation insurance when claimant was injured. Employer contends he was not subject to the Workers' Compensation Law (the act). He further contends, alternatively, that the commission erred in finding an accident that occurred March 8, 1992, caused claimant's injuries. This court affirms.

Employer owns and operates a concrete construction business known as Tim Peterson Construction. It operates, generally, from early spring until November or December.

Cold weather prevents concrete from being poured. Claimant and other employees experience seasonal lay-offs.

At the end of 1991 employer had two employees, claimant and Pat Murphy. Employer discontinued operating his concrete business at the end of November. He resumed those operations in March 1992.

While claimant and Murphy were laid off, they did farm labor for employer. Neither was paid salaries or hourly wages for the work done on employer's farm. Each was given a heifer for his work. Employer explained, "I was fixing to have a sale of cattle in the spring and it required a lot of extra work and we was feeding, worming, vaccinating and everything getting these cattle ready to sell to—and they was taking a heifer for the work that they was doing for me."

On February 17, 1992, claimant was helping load hay onto a trailer from a truck. He explained, "[W]e had to back up to hit the ramps to get the hay on it and I swung around to see if my wheels was going to hit the ramps to go on the trailer and I pulled a muscle or something. I got a crick at that time."

In March, Tim Peterson Construction was pouring concrete at a ballpark in Mountain Grove. On March 8, while unloading 2 × 12 boards to set a foundation to pour a concrete floor, claimant felt a pain shoot down his right arm. Later that day he told employer that he needed to see a doctor. Employer gave him the name of a doctor.

The next day claimant saw the doctor employer had suggested, Dr. Ball. Dr. Ball diagnosed claimant's injury as a cervical strain. He referred claimant to Dr. Fred McQueary.

Claimant saw Dr. McQueary on March 12, 1992. The records of Dr. McQueary's examination state, "I am suspicious that Gary's pain may [sic] is secondary to cervical radiculopathy." Dr. McQueary prescribed "a cervical traction unit" and medication. Claimant was told to check back in a week. He was told to be off work until March 20. Claimant did not keep the follow-up appointment Dr. McQueary scheduled.

The day after he consulted Dr. McQueary, claimant was treated by Dr. Biesemeyer, a chiropractor. On follow-up, Dr. Biesemeyer recommended that claimant see an orthopedic specialist. On March 25, claimant consulted another chiropractor, Dr. Cook.

On March 31, 1992, claimant went to a hospital emergency room complaining of pain. He was diagnosed with "[p]robable herniated disc at C5–6 on the right." On April 2, 1992, Dr. H. Mark Crabtree performed an anterior cervical discectomy to correct a herniated disc at C5–6.

Claimant was examined by Dr. David Paff on December 21, 1993, for a disability rating. Dr. Paff's opinion was that claimant had "about a twenty percent (20%) permanent partial disability to his body as a whole" following his surgery. A disability rating was also obtained from Dr. Crabtree. Dr. Crabtree rated claimant's disability at 10% permanent partial disability of the body as a whole.

Claimant filed a claim for workers' compensation benefits. Following a hearing, the administrative law judge found that claimant sustained a compensable injury in March 1992. The administrative law judge found that claimant sustained a 15% permanent partial disability of the body as a whole as a result of the injury. The commission affirmed the award.

Employer contends the commission erred in making an award because (1) the business he operated as Tim Peterson Construction was not subject to the act, and (2) even if Tim Peterson Construction were subject to the act, claimant failed to prove the injury he sustained was a result of that employment.

■ In Point I employer argues the commission erred in finding the injury was compensable because he had only two employees in 1992; that § 287.090.1(2)[1] exempted him from the provisions of the act.

Section 287.060, RSMo 1986, provides:

Every employer and every employee, except as in this chapter otherwise provided, shall be subject to the provisions of this

---

1. References to statutes are to RSMo Supp.1991 unless stated otherwise.

chapter and respectively to furnish and accept compensation as herein provided.

Section 287.020.1, RSMo 1986, defines "employee":

The word **"employee"** as used in this chapter shall be construed to mean every person in the service of any employer, as defined in this chapter, under any contract of hire, express or implied, oral or written, or under any appointment or election, including executive officers of corporations. Any reference to any employee who has been injured shall, when the employee is dead, also include his dependents, and other persons to whom compensation may be payable. The word "employee" shall also include all minors who work for an employer, whether or not such minors are employed in violation of law, and all such minors are hereby made of full age for all purposes under, in connection with, or arising out of, this chapter.

"Employer," as applicable to this case, is defined in § 287.030:

1. The word **"employer"** as used in this chapter shall be construed to mean:

(1) Every person ... using the service of another for pay;

. . .

(3) Any of the above defined employers must have five or more employees to be deemed an employer for the purposes of this chapter unless election is made to become subject to the provisions of this chapter as provided in subsection 2 of section 287.090, *except that construction industry employers who erect, demolish, alter or repair improvements shall be deemed an employer for the purposes of this chapter if they have one or more employees.* [Emphasis added.]

. . .

The commission, adopting findings of fact and conclusions of law entered by the administrative law judge who heard claimant's case, found that claimant sustained an accident on February 17, 1992, that was not compensable under the act because claimant was engaging in farm labor at that time. *See* § 287.090.1(1).

The commission further found that on March 8, 1992, claimant sustained another injury that was compensable. It concluded that the provision of § 287.030.1(3) that deems construction industry employers with one or more employees an "employer" for purposes of the act applied.

Employer contends this was error in view of § 287.090.1 that states, in pertinent part:

This chapter shall not apply to:

. . .

(2) Any employment, other than those employments in which the employer is the state, or any department, agency or other entity of the state, wherein the employer has no more than four employees; provided, that no worker who is a member of the employer's family by marriage or consanguinity shall be included in the total number of employees of such employer for purposes of this subdivision;

. . .

Employer argues that § 287.030.1(3) makes him a statutory employer, but § 287.090.1(2) exempts him from having to provide workers' compensation benefits for his two employees. On this basis, he contends the commission erred in finding him liable to claimant for his injuries.

The provision of § 287.030.1(3) that relates to construction industry employers was adopted in 1990. *See* H.C.S.S.S.S.C.S.S.B. 751, Mo.Laws 1990. Before its 1990 amendment, the statute did not treat construction industry employers differently from other employers. They were required to have five or more employees in order to be an "employer."

Section 287.090.1(2) was amended in 1993. *See* C.C.S.H.S.H.C.S.S.C.S.S.B. 251, Mo. Laws 1993. After the amendment the statute provided:

This chapter shall not apply to:

. . .

(2) Any worker who is a member of the employer's family within the third degree of affinity or consanguinity but such shall be included in the total number of employees of such employer for purposes of subdivision (3) of subsection 1 of section 287.030.

. . .

§ 287.090.1, RSMo Supp.1993.

Statutory construction is a question of law. *Staley v. Missouri Director of Revenue,* 623 S.W.2d 246, 248 (Mo. banc 1981). In considering the effect the language of § 287.030.1(3) that was added by the 1990 amendment had on § 287.090.1(2), this court looks to the purpose the act serves and reviews the statutes in question by application of fundamental rules of statutory construction.

The fundamental purpose of the Workers' Compensation Law is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment. *Alexander v. Pin Oaks Nursing Home,* 625 S.W.2d 192, 193 (Mo.App.1981). The law is to be broadly and liberally interpreted with a view to the public interest, and is intended to extend its benefits to the largest possible class. Section 287.800, RSMo 1978; *Greer v. Department of Liquor Control,* 592 S.W.2d 188, 193 (Mo.App.1979). Any doubt as to the right of an employee to compensation should be resolved in favor of the injured employee. *Id.* *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983). *See also West v. Posten Const. Co.,* 804 S.W.2d 743, 745–46 (Mo. banc 1991).

The plain and ordinary meaning of the language of § 287.030.1(3) added by the 1990 amendment was to require employers in the construction industry to be covered by the act if they had at least one employee. This intent is plain from the language used. It is further evidenced by the legislature's subsequent amendment of § 287.090.1(2) to alleviate any question of conflict between those statutes. This court must give effect to that intent. *State ex rel. Doe Run Co. v. Brown,* 918 S.W.2d 303, 306 (Mo.App.1996). To hold otherwise would render the legislature's amendment of § 287.030.1(3) a meaningless act. *See Staley,* 623 S.W.2d at 250.

The application of § 287.030.1(3) rather than § 287.090.1(2) is consistent with the directive, "If the legislature enacts two laws which are so inimical to each other that both cannot stand, the later statute in point of time controls under the theory that the legislature intended but failed to repeal the former." *Klinginsmith v. Missouri Dept. of Consumer Affairs,* 693 S.W.2d 226, 230 (Mo. App.1985).

Additionally, § 287.030.1(3) specifically addresses construction industry employers, whereas § 287.090.1(2) addresses employers generally. "When one statute deals with a particular subject in a general way, and a second statute addresses a part of the same subject in a more detailed way, the more general should give way to the more specific." *Boyd v. Bd. of Registration for Healing,* 916 S.W.2d 311, 315 (Mo.App.1995). Point I is denied.

Employer's second allegation of error asserts the commission erred in finding that the accident on March 8, 1992, caused the injury claimant sustained. Point II asserts the evidence does not support that finding; that "if there are successive injuries, one compensable and one not, claimant must offer expert testimony as to the percentage attributable to the compensable injury." Employer argues that there was no evidence concerning the percentage of disability that was attributable to the February 17, 1992, accident.

Claimant did not seek medical treatment as a consequence of the February 17 accident, nor was he disabled from working. He sought no medical treatment until after he was injured in March.

[A] preexisting but non-disabling condition does not bar recovery of compensation if a job-related injury causes the condition to escalate to the level of disability. *Weinbauer v. Grey Eagle Distributors,* 661 S.W.2d 652, 654 (Mo.App. E.D.1983). If

substantial evidence exists from which the Commission could determine that the claimant's preexisting condition did not constitute an impediment to performance of claimant's duties, there is sufficient competent evidence to warrant a finding that the claimant's condition was aggravated by a work-related injury. *Id.*

*Miller v. Wefelmeyer,* 890 S.W.2d 372, 376 (Mo.App.1994).

Claimant was not required to offer evidence of a percentage of disability attributable to the February injury. The evidence that was adduced demonstrated the February injury did not constitute an impediment to the performance of his duties. Point II is denied. The award is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.